The opinion of the court was delivered by
Tod, J.
This judgment appears to be erroneous. By the attainder of Andrew Allen, his lands, whether held by legal or equitable rights, were by the law vested in the commonwealth, to be sold by officers, specially appointed, and in a special mode, by auction, to the highest bidder; ahd the officers appointed to that duty were to be bound by oath, not to be interested directly or indirectly, or to malje any benefit by the forfeited, estates. The officers of the land office were bound by this law, and could not appropriate the forfeited estates, or any part of them, by warrant and survey: nor could they confirm such appropriation by any act, or by any acquiescence. Warrant and survey were for vacant lands only. The title of John Nicholson was null and void, so far as it interfered with the estate forfeited by Allen.
Then does the act of limitations help the case? We think not. The general rule is admitted, that the commonwealth is not bound by the statute; but it is said there is a distinction, that though the commonwealth is not bound in her sovereign right of original dominion, yet, as to every secondary or derivative right of property, she is bound by the act. This distinction cannot be admitted. It seems to be unknown to the law, and it would abolish the implied exception altogether, as far as it respects Pennsylvania; for it is supposed, the only title which the commonwealth can. have in lands must be secondary or derivative.
*251 Admitting the title of the commonwealth, it is argued by the counsel of the defendant in error, that there exists no real cause to apprehend disturbance, by or under the commonwealth, to Tiffany’s possession. , They say, that such' a thing, never was heard of in Pennsylvania, and never will be, as an attempt by the government, to take from honest purchasers their property and their homes, after a quiet possession of two score years, on land twice purchased and paid for: first, from the old proprietaries, and then from the commonwealth, informally, indeed, but with the full knowledge of all the officers of government. AH this I believe to be true. Indeed, I could almost say, I am sure it is all true, provided the facts are as stated. Yet, what we are to decide, is the question of title: and, we are bound to say, that John Nicholson, though a public officer, had no more right than any other person, to take up public lands against the express directions of the law. If any difference, his being comptroller general, makes his title the worse. If innocent persons suffer, we can only regret that such is the law. It is not for the court to be generous, and to deal out by anticipation, the liberality of the government. ' Several thousand acres are said to be held in the same manner with the tract in question. Then, probably, it is a subject important enough to attract the notice of the legislature.
I think, too, that the plaintiff in error has sustained both his exceptions to the verdict. Taking the verdict in connexion with the charge of the court, it seems clear to me, that the jury intended to limit the right of redemption to one year. They had no power to impose such limitation; The act of 1705, (Sm. L. 59,) expressly recognizes the equity of redemption, in cases of recovery by ejectment on mortgage.
The extinction of all the claims of the Miles family, is a vague-finding by a jury, and for that reason, seems faulty. What wo.uld have been easier than to say what was meant? Such sort of description would hardly do in the previous stages of a cause. If it could be permitted in a verdict and judgment, the end of one dispute might be only the commencing of another.
Judgment reversed, and a venire facias de novo awarded.