4 Wh 358
217   546

[PHILADELPHIA, APRIL 1, 1839.]

## HENNESS *against* MEYER.

1. An award in favour of the plaintiff of a certain sum of money, " or that the defendant carry out and strictly fulfil his part of the contract," is bad.
2. Under the 8th section of the act of 16th June, 1836, a rule of reference may be entered before the return day of the writ.

AN action was brought in this Court to July term, 1838, by John Henness, against John H. Meyer, and a rule of reference entered, on the 5th of September, 1838, under the 8th section of the act of the 16th of June, 1836, " relating to reference and arbitration."

The arbitrators made an award in the following words :

" We do award in favour of the plaintiff $2500 ; or that the defendant carry out and strictly fulfil his part of the contract."

The defendant filed the following exceptions to this award :

" First. Because the award is in the alternative, uncertain and unexplained.

Second. Because the award is that " the defendant carry out and strictly fulfil his part of the contract," without stating what his part of the contract is, or that the plaintiff should perform his part of the contract.

Third. Because the cause was arbitrated and decided before the return day of December term, 1838."

Mr. *Phillips*, in support of the exceptions.
1. The award is bad in respect to uncertainty and vagueness, and cannot be enforced by execution. *Stanley* v. *Chappell*, (8 *Cowen*, 235.) *Brown* v. *Hackerton*, (3 *Cowen*, 70.)
2. The cause was arbitrated before the return day of December Term. In *Hertzog* v. *Ellis*, I got judgment, by arbitration, before the return day, under the act of 1810, and the proceeding was sustained by the Court, (3 *Binn.* 209). Some inconvenience was supposed to arise from this, and an act was passed in 1820, to prevent arbitrations before the return day. Then came the act of 1836, which, to be sure, does not prohibit the taking out of a rule

before the return day, but it does not repeal the act of 1820. In *Dundas* v. *Bladen*, (4 *Rawle*, 463,) this Court set aside a rule of reference and all proceedings under it, where the action was brought to July term, and the rule taken out on the 5th of August following.

Mr. *Eastburn*, for the plaintiff, contended that the award was sufficiently certain, or might be made so by the defendant; at all events, the alternative words following the finding of a sum of money, might be rejected by the Court. In *Stanley* v. *Chappell*, it is said, that an award that the defendant pay money or give security is sufficiently certain.

PER CURIAM.—There is nothing in the exception to the time of the reference. In consolidating the existing laws by the act of 1836, the provision which prohibited a compulsory reference before the return day of the writ, was purposely left out. Nor is it at all certain, that a return day out of term, would not have satisfied the requirements of the exploded section. But the award is vicious on another ground. It is a cardinal requisite of every award, and peculiarly essential to an award of arbitrators, who perform the functions of a jury, that it be not only certain but final; and no counsel would attempt to sustain a verdict, that the defendant pay a sum *in numero*, "*or carry out and strictly fulfil his part of the contract.*" The alternative could not be rejected, because it must be taken for a substantive part of the finding; for who could say that a verdict would have been rendered against the defendant without it? Yet it would require a new action and a new finding, to settle the terms of the contract; so that this award is quite as inconclusive as was the verdict in *Bugley* v. *Wallace*, (16 *Serg. & Rawle*, 245,) or in *Allen* v. *Flock*, (2 *Penn. Rep.* 159,) and for this reason the award is erroneous.

Award set aside.