Hickernell *versus* First National Bank of Carlisle.

Same *et al. versus* McCune.

1. In Cumberland county, entering judgment for want of affidavit of defence is provided for by rule of court without any statute. A rule of reference was entered in an action by the defendant; after the return day of the writ, and before arbitrators were chosen, the court struck off the rule, and judgment was entered for want of an affidavit of defence. *Held* to be error.

2. A rule of court cannot prevent a defendant from his rule of reference, because he has not filed an affidavit of defence.

3. Additional terms to those prescribed by the statute for exercising the right of arbitrating cannot be imposed.

May 11th 1869. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Writs of error to the Court of Common Pleas of *Cumberland county:* No. 43½ and 44, to May Term 1869.

These cases were actions of debt, that in which the first writ of error was issued was commenced November 2d 1868, at the suit of the First National Bank of Carlisle against Henry Hickernell. The other case was commenced November 5th 1858, at the suit of William McCune against Thomas Greason and Henry Hickernell, partners; both writs below were returnable November 20th 1868, the second return day of the term. The first was on a note, dated August 19th 1868, from the defendant to P. A. Ahl for $300 in 60 days after date, and by Ahl endorsed to the plaintiff. The other was a joint and several note under seal, dated April 4th 1863, from the defendants and one William Line for $1000, payable to the plaintiff in one year.

An appearance was entered for Hickernell, in the first case November 3d, and in the second November 5th. On the 5th Hickernell entered a rule of reference, under which arbitrators were to be chosen November 23d. The term commenced November 9th; on the 21st the court made this order in each case: "No affidavit of defence being filed in this case, the rule to arbitrate is, on motion in open court, stricken off." Same day, in the first case, "By direction of plaintiffs' attorney, judgment *secundum regulam* for plaintiff for $201.04. Judgment was entered for the plaintiff for $1277.83, in the second case, in the same words.

There is no Act of Assembly extending to Cumberland county, which authorizes judgments for want of an affidavit of defence.

The rule of court provided that if the defendant do not appear at the return day of the writ, and the writ has been duly served, &c., the plaintiff may take judgment "in pursuance of the 34th section of the Act of 13th June 1836; provided, however, that no

[Hickernell v. First National Bank of Carlisle.]

such appearance will prevent judgment unless it be accompanied by an affidavit setting forth the nature of the defence," &c.

The section referred to in the rule provides for taking judgment for default of appearance "according to the rules established by the court to regulate the practice in this respect." Pamph. L. 579, Purd. 32, pl. 15.

The defendants severally took out writs of error, and assigned for error the striking off the rule of reference and the entering of judgment.

*L. J. W. Foulk* and *W. M. Penrose*, for plaintiffs in error.—A rule of court cannot override a positive statute. He referred to Arbitration Act of June 16th 1836, section 8, Pamph. L. 719, Purd. 53, pl. 15. A rule of reference may be entered before the return day of the writ: Henness v. Meyer, 4 Wharton 358; Ringwalt v. Brindle, 9 P. F. Smith 51; Hoffman v. Locke, 7 Harris 57.

*S. Hepburn, Jr.*, for Bank, and *Henderson & Hays* for McCune, defendants in error.—Every court may establish its own rules: Act of June 16th 1836, section 22, Pamph. L. 993; Purd. 162, pl. 144; Hoffman v. Locke, *supra*.

The opinion of the court was delivered, May 24th 1869, by·

AGNEW, J.—In these cases the defendants had entered rules to choose arbitrators, in one case to choose before the day of appearance to the summons, and in the other three days afterwards. In the former the court struck off the rule before the day of appearance, and in the latter one day afterwards, and in each case entered judgment for default of appearance, under a rule of court which sets aside the appearance unless the defendant files an affidavit of defence at the time of appearance. We think this was error. The right to arbitrate is given by Act of Assembly, and may be claimed by the defendant before the return day of the summons: Henness v. Meyer, 4 Wharton 358. The act imposes but a single condition upon him, to wit: that he cannot take his rule during the week at which his cause is set down for trial, or within thirty days before the term. Unquestionably the court cannot say by rule he shall not be entitled to have his rule to arbitrate until he shall have filed an affidavit of defence, for this would be to add harder terms to the exercise of his rights, and to impose a condition not in the law. When the law intends an oath to be a precedent condition to the exercise of a right, as in appeal, writ of error, &c., it so declares; but not having so declared in this case, we must suppose the right was not intended to be so fettered. The power conferred on the courts to make rules to regulate the practice and expedite the determination of suits, &c., is subject

[Hickernell *v.* First National Bank of Carlisle.]

to the proviso : " That such rules shall not be *inconsistent* with the constitution and *laws* of this Commonwealth." The arbitration law having fixed its own terms for the exercise of the right under it, it is inconsistent with its terms to impose harder and additional terms.

But in this case there is no such rule to limit the right, and the court applied to it a different rule, to wit, one providing for a judgment in default of an appearance, if an affidavit of defence be not filed. Now even this rule, which sets aside an actual appearance in the cause, because no affidavit of defence has been filed, is objectionable in form, though substantially good. Having the power to give judgment, even after appearance, in default of an affidavit of defence ; the setting aside of the appearance and entering judgment for want of an appearance, is not very material. But this does not justify the court in striking out a rule to arbitrate, entered under a law which confers the right to have it, before the day of appearance. By this action of the court, the default rule of the court is made to retroact upon an election actually made by the defendant to have his cause tried by arbitrators. It seems to us this is in direct conflict with arbitration law.

Judgment reversed, and a *procedendo* awarded.