Real Estate Title Insurance & Trust Company *v.* Mc-Nichol, Appellant.

*Arbitration—Award—Partnership—Certainty of award.*

Where an agreement for arbitration provides that the amount found by the arbitrator shall be considered a debt presently payable for which judgment may be entered, an award which provides that to an amount found to be due other items shall be added without fixing their amount, is void for uncertainty.

The very essence of awards is certainty. They are to put an end to controversy between the parties and are to be certain and final.

Argued Jan. 17, 1907. Appeal, No. 114, Jan. T., 1906, by defendant, from order of C. P. No. 5, Phila. Co., March T., 1905, No. 4,677, discharging rule to strike off judgment in case of Real Estate Title Insurance & Trust Co., Catharine Elizabeth Wade and Bernard John McNichol, Executors of Estate of Daniel McNichol, deceased, v. Patrick McNichol. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Rule to strike off judgment.
The opinion of the Supreme Court states the case.

*Error assigned* was the order of the court.

*Wm. Morgan Montgomery*, with him *John C. Bell*, for appellant.—The decisions of our state require that an award of an arbitrator shall not only be certain but final: Zerger v. Sailer, 6 Binn. 24; Spalding v. Irish, 4 S. & R. 322; Murray v. Bruner, 6 S. & R. 276; Henness v. Meyer, 4 Whart. 358.

*J. H. Brinton*, with him *Geo. McCurdy*, for appellees.

OPINION BY MR. JUSTICE BROWN, April 22, 1907:

The partnership of D. & P. McNichol was dissolved by the death of Daniel McNichol on or about April 9, 1900. The partnership accounts not having been settled, and there having been various matters in dispute between the executors of the deceased partner and the appellant, they agreed, on December 6, 1901, in writing, to submit the settlement of the partnership accounts and the various matters in dispute between the parties in relation thereto to an arbitrator under a stipulation that his decision should be final and conclusive, and that the amount found by him to be due from either party to the other should be considered a debt presently payable, for which judgment might be entered by the party in whose favor the award should be made. On August 16, 1902, the arbitrator or referee made his report, awarding to the estate of Daniel McNichol the sum of $3,679.81; but to this definite award he added the following: " To this sum are to be added one-half of any amounts received by the surviving and liquidating partner, Patrick McNichol, since February 11, 1901, for account of the old firm, together with one-half of any book accounts and municipal claims owned by the firm." This at once destroyed the certainty of the award.

It was the intention of the parties to the submission that the referee should pass upon the unsettled partnership accounts and the various matters in dispute, and finally settle, by a definite and certain award, the liability of the surviving partner, or the representatives of the deceased, and for the amount of the award judgment was to be entered against the party against whom it might be made. It is a cardinal requisite of every award that it be certain: Henness v. Meyer, 4 Wharton, 358. The stipulation in this case was, that the amount found by the referee should be considered a debt presently payable,

for which judgment might be entered against the party found to owe it. But for what amount could judgment be entered on this award? No definite amount was found to be due by Patrick McNichol. The arbitrator directs that to the sum he finds due other items be added, without fixing their amount. He clearly regarded these items as being among those he was to settle, or he would not have directed them to be added to the sum awarded, and if they were within the terms of the submission it was his duty to definitely find their amount and embody it in his award. He could have found what amounts had been received by the surviving partner since February 11, 1901, on account of the old firm, and could readily have ascertained the amount of the book accounts and municipal claims owned by them. Instead of so finding, though he makes these items the subject of liability by the appellant, he leaves what they amount to for future ascertainment by someone else. This may cause litigation between the parties, though the very purpose of the agreement was to settle all the partnership matters without any litigation. The award, if allowed to stand, instead of preventing it, may lead to it, for, under the direction of the referee, unascertained items, which may be disputed, are to be added to the award.

The very essence of awards is certainty. They are to put an end to controversy between the parties and are to be certain and final: Spalding v. Irish, 4 S. & R. 322. In Zerger v. Sailer, 6 Binney, 24, there was an award for £60 "to be paid by the plaintiff deducting an unsettled account of the plaintiff's against the defendant." The award was held to be void, and it was said by TILGHMAN, C. J., "It is neither certain, final nor conclusive. How much was to be paid by the plaintiff to the defendant? No man can say. Before that question is answered, you must settle the plaintiff's account and the settlement of that action may involve the parties in another suit." So, here, to determine what moneys were received by the liquidating partner since February 11, 1901, and what book accounts and municipal claims are owned by the firm and held by the surviving partner, may involve him and the representatives of a deceased partner in another suit. The judgment entered on this award should have been stricken off. No reason was given by the court for allowing it to stand.

The first and second assignments of error are sustained. The order of the court below discharging the rule to strike off the judgment is reversed, and the record is remitted with direction that the said judgment be stricken off.