## Ringwalt *versus* Brindle.

| 59 | 51 |
|---|---|
| 164 | 539 |

1. The refusal of a court to open a judgment is not assignable for error.

2. The opinion of the court refusing to open a judgment is not part of the record.

3. After the service of an attachment-execution on the defendant and the scire facias on the garnishee, the latter is in the position of a garnishee in foreign attachment after judgment who had been served with scire facias.

4. Interrogatories need not be served by the sheriff or other officer of the court,—the plaintiff may exhibit them.

5. Interrogatories may be served before they are filed, but they must be filed before or contemporaneously with granting a rule to answer.

6. A rule to answer must be granted by the court in the particular case before judgment can be entered against a garnishee; a *standing* rule of court is not such as is contemplated by the Act of Assembly.

7. Rules of court provided that the plaintiff in an attachment-execution might file interrogatories with his precipe and they should be served with the writ, or he might file them at any time after the return of the writ, and if the defendant did not answer in ten days after the return of service of the writ or of the interrogatories, judgment might be entered against him. *Held*, that judgment entered under these rules was irregular.

May 14th 1868. Before THOMPSON, C. J., STRONG, READ, AGNEW and SHARSWOOD, JJ.

[Ringwalt *v.* Brindle.]

Error to the Court of Common Pleas of *Cumberland county :*
Of May Term 1868.   No. 21.

The writ of error in this case was to a judgment against John
Ringwalt and others, garnishees in an attachment-execution, in
which George Brindle was plaintiff, and Jacob H. Strack de-
fendant.

On the 5th of January 1867 Brindle recovered a judgment
against Strack for $299, and on the same day issued an attach-
ment-execution against him; Ringwalt and others, being garni-
shees.   The writ was served on the garnishees January 7th.
Interrogatories were served on the garnishees April 29th and
30th, and filed April 30th.   The person who served the garni-
shees was neither the sheriff nor an officer of the court..   By
direction of the plaintiff's attorney judgment was entered by the
prothonotary against the garnishees May 22d 1867, *secundum
regulam*, for want of answers to the interrogatories.

The rules of court under which judgment was entered are as
follows :—

" 37. In all cases of attachment execution the plaintiff *may* file
interrogatories with his precipe, a copy of which shall be issued
with the writ and served upon the defendant, against whom, if he
do not appear within ten days *after* the return-day of the writ
served upon him, and file upon his oath or affirmation a sufficient
answer to the same, setting forth the nature of his defence, if he
have any, the plaintiffs may, at any time thereafter, direct the
prothonotary to enter judgment, and proceed to the collection of
his debt in the manner prescribed in the 57th section of the Act
of 13th June 1836, relating to foreign attachments."

" 39. The plaintiff may file his interrogatories *at any time* after
the return-day if the writ be served ; and at any time after they
shall have been served upon the garnishee for ten days, judgment
may be entered in like manner."

On the 29th of June Ringwalt petitioned the court, setting out
that the judgment against him was irregularly entered ; and also,
that the debt attached in his hands had been assigned to George
Strack, &c. ' On this petition a rule to show cause why the judg-
ment should not be opened was granted.   Depositions were taken.

On the 11th of July 1867 the opinion of the court (Graham,
P. J.) was filed, and the rule discharged.

The depositions and the opinion of the court were returned
with the writ of error.

The errors assigned were parts of the opinion of the court, and
that the court did not set aside the judgment against the gar-
nishee.   At the argument in the Supreme Court the plaintiff
was permitted to file an assignment of error, that the judgment
against the garnishee was irregularly entered.

*C. E. Maglaughlin* and *W. E. Penrose*, for plaintiff in error, referred to Acts of June 13th 1836 (Executions), § 22, *et seq.*, Pamph. L. 767, Purd. 434, pl. 27, *et seq.* (Foreign Attachment), § 48, 49, 55, 57, Pamph. L. 580, 582, Purd. 493, 494, pl. 8, 9, 16, 17, 18; Murdock *v.* Steiner, 9 Wright 349.

*W. H. Miller*, for defendant in error, referred to the rules of court, and Acts of Assembly, *supra.*

The opinion of the court was delivered, May 27th 1868, by
STRONG, J.—None of the assignments of error first made can be considered. They all relate to the refusal of the court below to open a judgment, which is not assignable for error, or to the opinion of the judge justifying such refusal, and that opinion is no part of the record. But at the argument we allowed the plaintiff in error to file another assignment, averring that the judgment against the garnishee was irregularly entered, and this is all that is before us.

The judgment against the debtor was obtained on the 5th of January 1867, upon which an attachment execution issued immediately. It was served on Ringwalt, the garnishee, on the 7th of January, and on the 30th of April next following, interrogatories were filed and served, to which no answers were exhibited or made. On the 22d of May judgment was entered against the garnishee for want of an answer. It is now objected that this judgment was erroneous, because *first*, the interrogatories were not filed until after they had been served on the garnishees; secondly, because they were not served by the sheriff or any officer of the court; and thirdly, because no rule upon the garnishee to appear and answer was taken.

The Act of 1836, relative to execution attachments of debts or deposits, &c., directs that such property of the debtor may be attached and levied in satisfaction of the judgment in the manner allowed in the case of a foreign attachment, providing, however, a clause of scire facias against the persons owing the debt to the judgment-debtor, or holding the deposit. After the service of the attachment and the scire facias, the garnishee is placed in the position of a garnishee in foreign attachment, who has been served with a scire facias after judgment. The Act of Assembly of June 13th 1836 prescribes the manner of proceeding against a garnishee in foreign attachment, after he has been served with a scire facias. The 55th section enacts that it shall be lawful for the plaintiff to exhibit in writing to every garnishee as aforesaid all such interrogatories as he may deem necessary, touching the estate or effects of the defendant in his possession or charge, or due and owing from him, as the case may be, to the defendant, at the time of the service of such writ, or at any other time, and

[Ringwalt *v.* Brindle.]

cause the same to be filed of record in the cause.   The next section enacts that whenever interrogatories shall be filed as aforesaid it shall be the duty of the court, upon motion of the plaintiff, to grant a rule upon the garnishee to appear before the said court, at the time and place in such rule to be named, and then and there exhibit in writing, under oath or affirmation, answers to all the interrogatories exhibited and filed as aforesaid, or such of them as the court shall deem pertinent and proper.   And the 57th section authorizes judgment to be given against the garnishee if, after due service of the rule, he shall neglect or refuse to comply therewith.

Now assuming that the procedure in attachment executions must be the same as in foreign attachments, which we are required to assume, it may be observed that the law does not require that the interrogatories shall be exhibited to the garnishee by the sheriff or other officer of the court.   It empowers the plaintiff to exhibit them.   Nor does it require that they shall be filed anterior to the day on which they are thus exhibited or served.   It is indeed necessary that they be filed before a rule to answer is granted, or contemporaneously therewith, but both as well as service may be on the same day.   In this case the interrogatories were filed on the day on which they were served on Ringwalt, and there is therefore nothing upon the record to show that in this particular there was any irregularity.   But there was no rule granted upon the garnishee to answer the interrogatories filed, and there was therefore no disobedience of a rule which justified the judgment.   The Act of Assembly authorizes judgment for neglect or refusal to answer interrogatories only after rule granted.   The court is to determine whether the interrogatories are pertinent and proper; and are to prescribe in the rule the time and place of answering.   The judgment for default of answer is not according to the course of the common law, and it can therefore be given only when authorized by the statute.   A garnishee is not in contempt who disobeys no rule.   We have been referred to the standing rules of the court respecting execution attachments which authorize a plaintiff to file his interrogatories with his precipe, or at any time after the return-day if the writ be served, and declare that at any time after they have been served upon the garnishee ten days, judgment may be entered. But these standing rules are not the rule upon the garnishee to answer, which the Act of Assembly contemplates ; and even these were not served upon the garnishee in this case.   He had therefore no notice of any order of the court that he should answer. The words of the statute, that the rule may be granted, on motion of the plaintiff, to answer such interrogatories as the court shall deem pertinent and proper, indicate clearly that more than a standing rule of court is required.

[Ringwalt *v.* Brindle.]

We hold, therefore, that the judgment against the garnishee was erroneous, for want of a rule upon him to appear and answer the interrogatories.

> Judgment against the garnishee reversed, and a *procedendo* awarded.