## Commonwealth of Pennsylvania ex rel. William H. Henderson v. John O'Donnel, Appellant.

*Corporations—Membership—Offices.*

The by-laws of an incorporated masonic home provided as follows: "Masonic bodies desiring to contribute to the support and maintenance of the Home, may select one of their members to represent such contributions in this corporation, who shall act until his successor is chosen." Before the annual meeting of the Home, A was reappointed as representative of a chapter in the Home. The constitution of the grand chapter provided that "the suspension or expulsion of a Royal Arch Mason from his lodge of Mark Master Masons shall ipso facto work his suspension from his Chapter." Prior to the election it was announced that A had been suspended from his lodge. At the election the president of the Home declared that A was not eligible, and directed the tellers not to receive votes cast for him. *Held,* that A was ineligible, and that the act of the president was justified.

Argued April 5, 1898. Appeal, No. 177, Jan. T., 1897, by defendant, from order of C. P. No. 2, Phila. Co., March T., 1896, No. 1003, sustaining demurrer to suggestion for quo

warranto. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Proceeding in the nature of a quo warranto, to reinstate the relator in the office of manager of the Masonic Home of Pennsylvania.

Respondent filed an answer and additional answer to which relator demurred.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in overruling demurrer.

*J. Henry Williams,* with him *S. Murdoch Kendrick,* for appellant.—To rest the claim of the relator on the appointment by his chapter of him as representative on January 10, 1896 (the night of the election of the board of managers of the Masonic Home), is to reverse the many decisions as to the authority and jurisdiction of supreme or grand lodges over subordinate ones: Bacon on Beneficial Societies, sec. 68; Watson v. Jones, 13 Wallace, 679; Com. v. Union League, 135 Pa. 301; Sutter v. Trustees, 42 Pa. 503; Gorman v. O'Connor, 155 Pa. 239.

Where there is no irregularity in the decision or proceedings the sentence of the society is conclusive as to its members. The supreme authority has declared that Henderson could not be appointed representative, and if he was appointed by his chapter that night, such appointment was null and void, and we cannot go behind that supreme authority, of which the Home had notice (admitted by demurrer).

*M. Hampton Todd,* with him *George Henderson,* for appellee. —The election of officers must conform to the regulations of the charter and by-laws: Johnston v. Jones, 23 N. J. Eq. 216; Com. v. Gill, 3 Wharton, 228.

Officers of a corporation elected for a stated time continue in office till their successors are legally elected and qualified: Niblack on the Law of Voluntary Societies, 191; People v. Ferris, 16 Hun, 224.

The appellant avers in paragraph three of his answer that the appellee was suspended in his Mark Lodge and, ipso facto, in Palestine Chapter, and that he was therefore not eligible for appointment. The appellant admits in his supplemental an-

swer, however, that the chapter made the reappointment, and the question as to whether the appellee is a member of Palestine Chapter can be determined by the chapter, and by it alone. The appellant cannot raise that question, as a reference to the authorities will demonstrate: Niblack on the Law of Voluntary Societies, 72; Connelly v. Masonic Mut. Ben. Assn., 58 Conn. 552; Palmetto Lodge v. Hubbell, 2 Strob. 458.

The election being held by a sufficient assembly, the body of the electors, voting for one when they are charged with knowledge of his disqualification, lose their votes, and the candidate having the next largest number of votes, even though it be one, is elected: Angell & Ames on Corporations, sec. 127; Oldknown v. Wainwright, 2 Burr. 1017; Rex v. Parry, 14 East, 562; Claridge v. Evelyn, 5 B. & Ald. 83; King v. Hawkins, 10 East, 211.

Members of a corporation are charged with notice of its bylaws: Bank of Wilmington, etc., v. Wollaston, 3 Harrington, 90; Cummings v. Webster, 43 Me. 192.

*S. Murdoch Kendrick* and *J. Henry Williams*, for appellant, in reply.—The title of the appellee, William H. Henderson, is denied, and the validity of the election of said appellant, John O'Donnel, cannot be questioned until the right of the appellee is fully set forth. It has been distinctly held that, while the primary purpose of the quo warranto proceeding is to try the defendant's title, and while the defendant's title only is in question, when the proceeding is instituted by the attorney general in the name of the commonwealth, the private relator before he can require the defendant to show by what title he holds, must himself show title to or interest in the office in question: Com. v. Hargest, 7 Pa. C. C. R. 333; Com. v. Jordan, 4 Law Times (N. S.), 54; Com. v. Painter, 1 Dist. Rep. 393.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 17, 1898:

This appeal is from the judgment of ouster, etc., entered on the demurrer to defendant's answer in the quo warranto proceeding. The effect of the demurrer was, of course, to admit the truth of all well pleaded averments of fact contained in the answer. The facts thus admitted by the pleadings appear of record and need not be recited at length here.

The suggestion contains, in substance, the following aver-ments:

That the relator had been a member of the Palestine Royal Arch Chapter, No. 240, Royal Arch Masons, since December 22, 1873, and a life member since December, 1892; and said chapter had been a contributor to the support and maintenance of the Masonic Home of Pennsylvania from the time of its organization under the act of May 6, 1871, which act of incorporation is made part of the suggestion. That by section four of the by-laws of said Home it is provided that, "Masonic bodies desiring to contribute to the support and maintenance of the Home may select one of their members to represent such contributions in this corporation, who shall act until his successor is chosen."

That at a meeting held January 10, 1896, at 7 o'clock P. M. (one hour before the annual meeting of the home on that day) the relator was reappointed as representative of Palestine Chapter in the Masonic Home. Section fourteen of the by-laws of said Home requires that nominations for the board of managers shall be made at a stated meeting of the corporation in October, and relator was then nominated with six others to fill seven vacancies about to occur by the expiration of the respective terms of seven managers. The next section of said by-laws provides that the election shall be at the annual meeting, by ballot, and a majority of the votes cast shall be necessary to a choice. At the annual meeting on January 10, 1896, at 8 o'clock P. M., the six others nominated in October, 1895, were balloted for and elected. The relator was the "only other qualified nominee, and he received at least one vote, and that being the whole number of votes cast he was duly elected also." Notwithstanding the foregoing facts, the president of the Home illegally declared that the relator was not qualified for election, and directed the tellers not to receive votes cast for him, and permitted defendant to be nominated and balloted for and declared elected, and since January 10, 1896, defendant has illegally exercised the office. Section five of the Home's act of incorporation provides that, in case of a failure by the corporation to hold such election at the specified time, the old members shall hold over until their successors shall be duly elected and qualified.

VOL. CLXXXVIII—2

In his answer and supplemental answer defendant admitted that the Palestine Chapter was entitled to a representative in the board of managers of the Masonic Home, but he averred that such representative must be a member of the represented chapter, in good standing; that the relator, when appointed a representative of Palestine Chapter, was not such member of said chapter for the following reasons: On December 15, 1895, he was suspended from membership in Excelsior Mark Lodge, No. 216,— a constituent of and existing only under the jurisdiction of the Grand Royal Arch Chapter of Pennsylvania,— for nonpayment of dues, and by such suspension in said Mark Lodge he was ipso facto suspended from membership in Palestine Royal Arch Chapter,— also a constituent of and holding a warrant from and under the jurisdiction of said grand chapter, — and was thereby deprived of his offices, appointive and elective, according to the provisions of the constitution of said grand chapter, section 139, which reads:

"The suspension or expulsion of a Royal Arch Mason from his Lodge of Mark Master Masons shall ipso facto work his suspension from his Chapter."

That, while defendant is informed that relator was reappointed as representative of Palestine Chapter on January 10, 1896, between 7 and 7 : 30 o'clock P. M., yet during that evening at the regular stated monthly meeting of said chapter, the suspension of the relator from Excelsior Mark Lodge was announced, either before or after his said reappointment; that no certificate of said reappointment was produced at the meeting of said Masonic Home, nor was there information, oral or written, given to said corporation of said relator's reappointment; nor did the relator make any claim at said meeting that he had been reappointed by said chapter as its representative.

That under the laws of the grand chapter, the decision of the grand high priest is final; and, at a meeting of the chapter, said official rendered his decision "that suspension from a Mark Lodge worked a suspension in the Chapter; and that such suspension in the Chapter was deprivation of and a destruction of all rights, privileges and emoluments ( i. e. office ) pertaining to membership. Vacancies in office may thereby be created and, if so, can be and are presumably filled, so that although a subsequent restoration in his lodge of Mark Master Masons,

either to good masonic standing or membership, is as immediate and forceful in restoring to membership in the Chapter as suspension in the mark lodge was in destroying, yet such restoration is to membership only, and not to official relations that may have theretofore existed. Office in the Chapter can only again be acquired either by appointment or election."

That the relator, at the time of the election on January 10, 1896, was not a qualified nominee for the office of manager of the Masonic Home, and there being for that reason a vacancy in said nominees, the defendant was nominated and elected.

The president of the Home at said annual meeting decided that the relator was not eligible, and the latter made no objection to said decision, nor did he appeal therefrom.

The defendant's contention is that averments of fact, well pleaded in his answer and admitted by the demurrer, conclusively show that, at the time of the annual election on January 10, 1896, the relator, by reason of the suspension averred in the answer, was a disqualified nominee for election as a manager of the Masonic Home, ineligible to that office, and also disqualified to act as a member holding over in the event of a failure to elect at the appointed time.

This position appears to be well taken and fully sustained by the facts admitted by the pleadings and the laws of the order applicable thereto. That being so, the president of the Home was fully justified in declaring the fact of relator's ineligibility and disqualification, and in taking such other action at the annual election as he is said to have done at that time.

The relator having become disqualified and ineligible after his nomination for election, and so continuing at the time of the annual election, it was entirely proper, as well as necessary, to assume that his disqualification created a vacancy in the nominees and required the nomination of a qualified person to fill said vacancy. The defendant was accordingly nominated, balloted for and declared duly elected a member of the board of managers of the Home.

The fact of relator's suspension on December 15, 1895, and the disqualifying effect thereof are clearly established. The former is distinctly averred in the answer and admitted by the pleading; and the latter is definitively settled by the laws, rules and regulations of the masonic order, referred to in the answer.

Section 139 of the grand chapter declares "The suspension or expulsion of a Royal Arch Mason from his lodge of Mark Master Masons shall ipso facto work his suspension from his Chapter." Section 3 of the Masonic Home's charter provides : "The membership of said institution shall consist of life members, active members and representative masonic bodies, all of whom shall be free masons."

This latter qualification, of course, means free masons in good standing,—not suspended members of the order.

While masonic bodies, contributing to the maintenance of the Home, may select one of their members to represent such contributions in the management of the Home, it is the right as well as the duty of the latter not to recognize or elect any such representative unless he is a free mason in good and regular standing. When therefore the relator was suspended on December 15, 1895, from Excelsior Mark Lodge, No. 216, he was by the constitution of the grand chapter suspended ipso facto from Palestine Royal Arch Chapter, No. 240, which body he had theretofore represented in the board of managers of the Masonic Home. He was thenceforth ineligible to nomination to that position, and, so far as appears, he continued ineligible until after the election of the defendant in January, 1896.

It follows from what has been said that he was not entitled to membership in the board of managers of the Home, either by reason of any supposed election or holding over; and the vacancy in the board was legally filled by the nomination and election of the defendant on January 10, 1896.

If it were necessary, we might add that this conclusion accords with the averment as to the decision of the grand high priest, above quoted.

The judgment of ouster, etc., is reversed and set aside at the relator's costs, and judgment is now entered on the demurrer in favor of the defendant.