## Potts, Appellant, v. Harmer.

*Attachment execution—Answers to interrogatories.*

Where answers to interrogatories in an attachment execution have not been filed within fifteen days as required by rule of court, but a rough copy of the answers is submitted to the plaintiff's counsel, who requests that more detailed information should be given, and this request is contained in a letter addressed to the garnishee's counsel, the plaintiff will be deemed to have waived the rule of court, and the garnishee is entitled to a reasonable time to obtain the information which was requested. If in such a case judgment is entered by default ten days after the date of the letter to garnishee's counsel, and three days thereafter answers are filed showing on their face an amount due much less than that for which judgment was entered, the judgment will be opened.

On an appeal from an order making absolute a rule to strike off a judgment entered by default against a garnishee, the appellate court in affirming the order will amend it so as to read "judgment opened" where the counsel for the garnishee admit that the rule was substantially a rule to open the judgment and have an issue brought to trial.

Argued Oct. 9, 1901.   Appeal, No. 9, Oct. T., 1901, by plaintiff, from order of C. P. No. 4, Phila. Co., March T., 1899, No. 836, making absolute a rule to set aside judgment in case of T. Elwood Potts v. Albanus A. Harmer and Minnie L. Jones, Garnishee.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Rule to set aside judgment entered against garnishee for default in filing answers to interrogatories.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making the rule absolute.

*Rodman L. Betts*, for appellant.

*George C. Bowker*, with him *Philip H. Brice*, for appellee.

OPINION BY RICE, P. J., February 14, 1902:

Interrogatories and rule to answer were served on the garnishee on November 29, 1899, and under the standing rule of the court below the plaintiff was entitled to judgment if answers were not filed within fifteen days thereafter.   Judgment was entered by default on January 8, 1900.   Apparently the garnishee was in default and the judgment regular.   But the garnishee showed that pursuant to negotiations between the attorneys a draft of the answers proposed to be filed by the garnishee was submitted to the plaintiff's attorney on or about December 27, and on December 28 he returned them to the garnishee's attorney with the following letter: "I return herewith the rough copy of answers to interrogatories, which you left with me this morning, and I want to call your attention to the fact that the title of the case is not correct, . . . . I would also request you to set out in detail the dates when the various orders amounting to $1,378.90 were given by Mr. Harmer, when they were received by you, and the date of

actual acceptance, and also state specifically by whom they were each accepted. Trusting that the above will meet with your approval, and that you will see that your answers are filed this week. I remain," etc. Even if the letter of the plaintiff's attorney of December 27 (printed in the appellee's paper-book), be left out of consideration, the letter above quoted makes it reasonably certain that strict compliance with the rule requiring answers to be filed within fifteen days after service of the interrogatories had been waived. It is too plain for argument that after that letter was delivered the plaintiff could not immediately fall back on the original rule to answer, and, without giving the garnishee an opportunity to comply with his request, enter judgment by default. The rule requiring all agreements of counsel touching the business of the court to be in writing has no application. The waiver of the default and of the right to take judgment forthwith is sufficiently evidenced by the writing above quoted. True the letter expressed the hope that the garnishee would comply with the request to file such answers as the plaintiff desired within the week, but this cannot reasonably be construed as an unequivocal notice to the garnishee that judgment would be taken against her if she was unable to do so. If the letter had not contained the request for more detailed information, or had contained an unequivocal demand that the answers be filed that week, the garnishee might, and doubtless would have filed the answers already prepared or applied to the court for an extension of time. In the circumstances she was justified in inferring from the letter as a whole that she would be allowed a reasonable time within which to obtain the information which the plaintiff requested to be set forth in the answers; or, if the plaintiff preferred not to wait, that he would notify her. The answers were filed on January 11, 1900, and in view of the nature of the detailed information which the plaintiff called for, we cannot say that the court erred in holding that they were filed within a reasonable time, and that the default was excused. To have held otherwise would have worked the manifest injustice of compelling the garnishee to pay more than $1,000 dollars, when, according to her answers, the balance due from her to the defendant was, at the most, less than $400. The courts are more liberal, and for good reasons, in relieving garnishees·

from defaults than the original parties. See 10 P. & L. Dig. of Dec. 15990. The court was fully justified in exercising that power in the present case.

In answer to the suggestion that the rule should not have been to strike off or set aside, but to open, the counsel for the appellee say that the rule framed by them and presented to the court below "was in effect and substantially a rule to open the judgment, its purpose being to have the answer of the garnishee admitted and the issue brought to trial." To open a judgment, however, is not to set it aside, and the opening of it deprives it of no quality but maturity for execution : Gallup v. Reynolds, 8 Watts, 424. But in view of the above concession of counsel, it is unnecessary to prolong discussion upon this point. The order is amendable here so as to conform to what counsel claim it to be in effect. See King v. Brooks, 72 Pa. 363.

· The order is amended so as to read, judgment opened, instead of judgment set aside, and as thus amended is affirmed.