## Dilworth Coal Company, Appellant, *v.* Kidney.

*Equity—Equity pleading—Demurrer.*

1. A demurrer necessarily admits the truth of the facts stated in the bill, so far as they are relevant and well pleaded, but it does not admit the conclusions of law drawn therefrom, although they are also alleged in the bill.

2. Where a bill in equity to restrain proceedings at law, avers that such proceedings "are defective, null and void as against plaintiff," a demurrer to the bill does not admit the truth of such averment.

3. A bill in equity to enjoin proceedings at law before a justice of the peace will be dismissed where it appears that the justice had jurisdiction of the parties, the cause of action, and had proceeded in the mode prescribed by law and that the defendant had a full and adequate remedy of which he had not availed himself.

Argued April 28, 1910. Appeal, No. 172, April T., 1910, by plaintiff, from decree of C. P. No. 1, Allegheny Co., Sept. T., 1908, No. 6, dismissing bill in equity in case of the Dilworth Coal Company v. John W. Kidney. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Bill in equity to enforce proceedings at law.

The court filed the following opinion:

This is a bill in equity wherein the plaintiff prays that a certain judgment entered by and before an alderman and ex officio justice of the peace be declared null and the defendant be restrained and enjoined from issuing an execution thereon. To which bill of complaint the defendant demurs.

From the pleading the following facts appear:

1. On December 7, 1907, summons in assumpsit was issued by James V. McMasters, an alderman and ex officio justice of the peace, in a certain cause wherein John W. Kidney, defendant herein, was plaintiff, and the "Dilworth Coal Company" was defendant. The summons was returnable December 14, between the hours of 10 A. M. and 11 A. M., and was served December 7 on "R. M. Mackenzie, treasurer of defendant company, personally," and thereafter, December 14, 1907, judgment was entered "against the defendant" by default.

2. On January 13, 1908, the Dilworth Coal Company presented its petition to the alderman for a rehearing, and on February 29, a rehearing was refused, whereupon the Dilworth Coal Company caused a writ of certiorari to be issued and the proceedings removed to the court of common pleas at No. 49, June Term, 1908. On May 28, 1908, the judgment of the alderman was affirmed.

3. At the time of service of the summons R. M. Mackenzie was the treasurer of the Dilworth Coal Company.

The plaintiff alleges that the judgment is null and void and prays relief for reasons of which the first and second may be considered together, and are as follows:

1. That R. M. Mackenzie, at the time of the service was ill, about to depart for and was confined to his home for several weeks; and the first notice the other officers and employees of the corporation had of said suit was when the levy was made, January 11, 1908.

2. That the Dilworth Coal Company had a just and legal defense to the claim of John W. Kidney.

It is admitted that service was had upon the treasurer

of the company, and that the hearing was held at the time and place designated in the summons. It is also admitted that execution was issued January 2, and levy made January 11, 1908.

The plaintiff in the bill was in default from the beginning, did not appear at the hearing nor enter any defense, nor did the company appeal from the judgment or sue out a writ of certiorari. They are not, therefore, entitled to come into a court of equity to relieve themselves from the consequences of their neglect to avail themselves of their legal remedy: Rockwell v. Tupper, 7 Pa. Superior Ct. 174.

Where a party has been heard, or had had the opportunity to be heard in a court of law, even though his claim be an equitable one, he cannot be heard on a bill, neither can he thus cure a mistake in the trial of an action at law or a neglect to appeal in time: Haneman v. Pile, 161 Pa. 599.

Nor can "irreparable damages be alleged against statutory remedies legally pursued:" Brown's App., 66 Pa. 155.

Defendant presented a petition to the alderman praying that the judgment be opened and he allowed a hearing. The petition being refused, plaintiff issued a writ of certiorari, and "the fact that he selects a form of procedure which a higher court cannot review constitutes no reason why he shall not be concluded by the decision:" Frauenthal's App., 100 Pa. 290.

The defense alleged—paragraph 2 of the bill—may be a full and legal defense yet it is a defense which the defendant in the judgment should have set up before the alderman.

The third reason alleges that the record does not disclose whether defendant is a corporation or a partnership.

While the practice is to aver corporate existence, yet no decision of the courts of this state has been cited holding that a judgment against a corporation is void for lack of such averment.

There is a mass of authority more or less definite to the effect that in an action by or against a corporation it is not necessary to allege that the plaintiff or defendant is a corporation. These decisions proceed on the ground that where the plaintiff or defendant is described in the complaint by a name which naturally imports a corporation, that is a sufficient allegation of the fact until it is controverted, and that the use of a name such as is usually adopted by a corporation, and not containing the name of an individual, as is customary in the case of simple partnerships, indicates prima facie at least corporate existence: Machen on Law of Corporations, sec. 465, citing Ft. Wayne Gas Co. v. Nieman, 33 Ind. App. 178. Where the name of a corporation is set forth in full, it is not necessary to allege that it is a corporation: Snyder v. Philadelphia Co., 54 W. Va. 149.

The Act of June 24, 1885, P. L. 149, sec. 1, provides that in every suit or judicial proceeding . . . . to which a corporation is a party the existence of such corporation shall be taken to be admitted, unless it is put in issue by the pleadings. Held, that the existence of the defendant as a corporation is to be assumed, unless it is put in issue by the pleadings: Barton v. National Express Co., 9 Kulp, 212; Pennsylvania Knitting Co. v. Mfg. Co., 21 Pa. C. C. Rep. 537.

In Zion Church v. St. Peter's Church, 5 W. & S. 215, it was held that in an action by a corporation an averment of corporate existence is not necessary. "The name . . . . imports that defendant is a body politic, and had the fact been otherwise, the defendant might have pleaded . . . . in abatement or perhaps more properly at bar."

McConnell v. Apollo Savings Bank, 146 Pa. 79, relied upon by plaintiff, was an action against the "Apollo Savings Bank, a corporation under the laws of the state of Pennsylvania." On trial, at motion of plaintiff, the record was amended by striking out the words "an incorporation under the laws of Pennsylvania." The amendment was allowed, and the case stood against the Apollo

Savings Bank.  The defendant bank was not an incorporated association.  It was held that there was nothing upon the record to show the character of the institution or the names of the persons composing it, if it be a partnership or a private banking institution.  If the latter there is no defendant on the record.  A suit against a firm must set out the names of the individuals composing the firm.

In this case the name Dilworth Coal Company imports that it is a corporation, nor is there a question as to the identity of the defendant company, nor that service was not had on its treasurer; nor that the claim sought to be recovered arose out of certain alleged contractual relations between the plaintiff, John W. Kidney, and the defendant company; nor is it averred that the property of the Dilworth Coal Company is being taken in execution upon a judgment not against the company.

The alderman had jurisdiction of the parties and the cause of action and proceeded in the mode prescribed by law.  For the correction of any error in law or fact, the defendant company had a full and adequate remedy, and having neglected to avail himself of that remedy, is not entitled to relief in equity.

The demurrer is sustained and the bill dismissed at the costs of the plaintiff.

*Error assigned* was decree dismissing the bill.

*Lowrie C. Barton*, for appellant.

*Elmer L. Kidney*, for appellee.

Per Curiam, July 20, 1910:

This was a bill in equity to restrain proceedings at law.  The proceedings were fully set forth in the bill and coupled with the averment of them was the averment that the proceedings "as before set out are defective, null and void as against plaintiff."  It is seriously contended that by demurring the defendant admitted the truth of this

averment and that, therefore, the demurrer should have been dismissed. This argument ignores the well-settled principle that a demurrer necessarily admits the truth of the facts stated in the bill, so far as they are relevant and well pleaded, but it does not admit the conclusions of law drawn therefrom, although they are also alleged in the bill: Story's Equity Pleading, sec. 452. We deem it unnecessary to add anything further to the clear and satisfactory opinion of the learned judge of the common pleas in support of the decree.

The decree is affirmed at the costs of the appellant.