## Modern Home Heating Company *v.* Diehl et al., Appellant.

*Attachment—Interrogatories—Service—Defective Service.*

In an attachment execution, the service upon the garnishee is defective which contains no notice to answer the interrogatories within a certain time and the record fails to show that any rule to answer was ever issued.

The proceedings in the attachment are technical and it being a remedy apart from common procedure, should be strictly followed. No man should be required to pay the debt of another unless he is legally liable by reason of having the wherewithal to do so out of funds in his hands which belong to the defendant.

A judgment by default should be supported by a regular record showing upon its face that the defendant is properly in court, or, at least, should be in response to some notice or rule properly served upon him.

Argued October 20, 1927. Appeal No. 29, October T., 1927, by garnishee from judgment of C. P., No. 5, Philadelphia County, December T., 1924, No. 9235, in the case of Modern Home Heating Company v. James A. Diehl and Mary A. Diehl, and William L. Craven

572    M. H. H. CO., *v.* DIEHL et al., Appellant.

Statement of Facts—Opinion of the Court.    [92 Pa. Superior Ct.

Building & Loan Assn., Garnishee.    Before PORTER,
P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP
and CUNNINGHAM, JJ.    Reversed.

Attachment execution in assumpsit.    Before MARTIN,
P. J., and SMITH, J.

The facts are stated in the opinion of the Superior
Court.

Rule to strike off judgment.

The court discharged the rule.    Garnishee appealed.

*Error assigned* was the decree of the court.

*Paul Reilly,* for appellant.

*Herman H. Krekstein,* of *Cohen, Schweidell & Krek-
stein,* for appellees.

OPINION BY TREXLER, J., March 2, 1928:

The Modern Home Heating Company had a claim
against James and Mary Diehl which was reduced to
judgment November 23, 1925.  On February 25, 1926,
interrogatories and rule to answer were filed.  On
February 26, 1926, an attachment was issued against
the appellant, William L. Craven Building & Loan
Association, as garnishee, and on the same day, was
served.  On March 3, 1926, interrogatories were served
on the secretary of the building and loan association
above named.

The affidavit of service was to the effect that the
interrogatories were served on the 3rd day of March
on the secretary of the association by handing to the
adult member of the family at his dwelling house, 2004
W. Ontario Street, County of Philadelphia.  There
was no notice to the garnishee to answer the interroga-
tories within a certain time, as that portion of the
notice was blank and unsigned, but attached to the
interrogatories as filed, there was a precipe to the

Prothonotary to enter a rule on the garnishee to answer the interrogatories within fifteen days or judgment sec reg. It does not appear on the record that a rule was ever issued to answer the interrogatories.

On the 12th of April, 1926, judgment was entered by default against the building and loan association for want of the reply to the interrogatories. This was followed by a motion to strike off, the reasons set forth being that there was no rule served on the garnishee to answer. A rule to show cause why the judgment entered against the garnishee should not be stricken off, was issued returnable the 9th day of August, 1926. On the 31st of August, petition was presented by the person who served the interrogatories asking the court to be allowed to amend the affidavit of service so as to show beyond doubt that a copy of the rule to answer was served on the garnishee together with the interrogatories. In his petition, he asserts that the interrogatories served were an exact copy of those filed and were endorsed with a rule to answer in the same manner as the interrogatories filed. We have already noted that the interrogatories filed had a notice in blank.

There is no attempt made to show what the wording of the notice was. Notice as to the time within which the interrogatories were to be answered does not appear. The court on the 13th day of September, 1926, gave permission to the plaintiff to file an amended affidavit which did not cure the infirmities of service appearing in the record and discharged the rule to strike off the judgment without prejudice to the right of the garnishee to petition for a rule to show cause while a judgment against it should not be opened and garnishee led into a defense.

The court held that the judgment against the garnishee, for want of an appearance, is regular on its face, but we cannot agree to this statement. We repeat, the notice to the garnishee as it appears in the

574    M. H. H. CO., *v.* DIEHL et al., Appellant.

record before us, was blank; the time to answer was not stated. There is no evidence that the Prothonotary ever issued a rule on said garnishee, for none appears on the record. The proceedings in the attachment are technical and it being a remedy apart from common procedure, should be strictly followed. No man should be required to pay the debt of another unless he is legally liable by reason of having the wherewithal to do so out of funds in his hands which belong to the defendant. See Potts v. Harmer, 19 Pa. Superior Ct. 252.

The judgment by default should be supported by a regular record showing upon its face that the defendant is properly in court, or at least, should be, in response to some notice or rule properly served upon him. This the present record does not do.

The appellee argues that having presented his petition to open, the garnishee is estopped from pressing his appeal for the refusal to strike off. We have come to a contrary conclusion. The petition to open is still undisposed of. The error in refusing to strike off is not waived by the defendant by trying to have the court enter an order to open. Had the court opened the judgment before the garnishee took its appeal, the conclusion might be different. If a trial on the merits were assured and he would assent thereto, he would probably be held to have abandoned his effort to have the judgment stricken off. Breden v. Gilliland, 67 Pa., 34; Post v. Wallace, 110 Pa. 121.

The judgment is reversed and the rule to strike off is made absolute.