# Globe & Republic Insurance Company *v.* Davis (et al., Admr., App.).

Argued December 15, 1936.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*J. L. N. Channell,* with him *A. D. Knittle,* for appellant.

*Walter Sidoriak,* with him *H. O. Bechtel,* for appellee.

OPINION BY RHODES, J., January 29, 1937:

This is an appeal from the order of the court below discharging a rule to strike off a judgment entered against the garnishee in an attachment execution.

Plaintiff, having a judgment against Ralph B. Davis, issued an attachment execution naming Burton Davis, administrator of the estate of Jesse B. Davis, deceased, and the Aetna Accident and Liability Co. of Hartford, Conn., as garnishees. Service was made upon the defendant and Burton Davis, administrator of the estate of Jesse B. Davis, deceased. No service was made on the other garnishee. At the same time, interrogatories to the garnishee were filed; they contained a praecipe to the prothonotary to enter a rule on garnishees to answer the interrogatories within twenty days, or judgment sec. reg. The return of service was to the effect that the writ of attachment execution was served on the defendant and on the one garnishee by handing to each, at Shenandoah, Pa., a true and attested copy of the same.

On the interrogatories filed there was a notice to the garnishee, signed by the attorney for the plaintiff, as follows: "Please take notice that Interrogatories have been filed and that a rule has been entered upon you to answer the same within twenty days from the date of the service of said Rule and a copy of the Interrogatories." In the docket entries of the court below appears the following: "Same day [July 30, 1935] Interrogatories filed. Same day, Rule entered on above named Garnishees, to file answer within 20 days from date of service or judgment by Default. W. J. Evans,

Prothy." It does not appear on the record that any further action was taken other than this entry of a rule on the garnishees to 'answer the interrogatories; nor does it appear that "due service of rule" was ever made on the garnishee (see Act of June 13, 1836, P. L. 568, § 57, 12 PS § 2997, and Act of June 16, 1836, P. L. 755, §§ 37, 38, 12 PS §§ 2267, 2268), which is a condition precedent to the entry of a default judgment. See *Ringwalt v. Brindle*, 59 Pa. 51. Both plaintiff and garnishee have referred to the rules of court of Schuylkill County, and state that the rule in this case was issued by the plaintiff under court rule 32, which reads as follows: "In attachment execution the 'plaintiff may, at any time file interrogatories and enter a rule on the garnishee to answer the same within twenty days after service of the rule and a copy of the interrogatories on the garnishee." Reference therein is made to *service of the rule,* the same as in section 57 of the Act of June 13, 1836, P. L. 568 (12 PS § 2977).

On November 25, 1935, judgment was entered in favor of the plaintiff and against Burton Davis, administrator of the estate of Jesse B. Davis, deceased, and garnishee for $765.85 "for failure to answer the interrogatories under oath within twenty days after service thereof." The garnishee filed a motion to strike off the judgment so entered on the grounds that the record disclosed no service of interrogatories or rule to answer upon the garnishee; that the entry of a general judgment without such service was irregular; and that no rule to answer the interrogatories had been issued. A rule to show cause why the judgment against the garnishee should not be stricken off for the reason specified in his motion was issued. Plaintiff filed its answer denying that no service of the interrogatories or rule to answer the same had been made upon the garnishee. In its answer plaintiff averred that the interrogatories were served, and, through inadvertence,

the sheriff failed to make a proper return of service, and that the garnishee had notice of the rule (averring that the same had been issued as a matter of fact) by endorsement of the same upon the interrogatories which were served. Plaintiff's answer further stated that proceedings were then pending by which the sheriff sought to secure permission to amend his return to comply with the true facts of the situation. On the same day, a petition of the sheriff and the attorney for the plaintiff was filed, asking leave to amend the return of service, and setting forth therein: "2. That in his return of the service of the above proceeding, the said Harry Cook [deputy sheriff], through inadvertence, failed to state that the interrogatories and the said notice with rule to answer were served with the writ of attachment execution." The prayer of the petition was to correct the previous return nunc pro tunc as of August 2, 1935, the date of the first return, as follows: "State of Pennsylvania, County of Schuylkill, ss: Harry Cook, Deputy Sheriff, being duly sworn says that he served the within writ together with the interrogatories with notice that a rule has been entered to answer the said interrogatories within twenty days from the date of the service thereof on Ralph B. Davis, defendant, and Burton Davis, Administrator of Jesse B. Davis Estate, by giving to each of them at Shenandoah, Pennsylvania, a true and attested copy of the same and making known to each of them the contents thereof personally on August 2, 1935."

Although the sheriff and the attorney for the plaintiff were represented therein as petitioners, and the petition signed by both, the affidavit thereto is made by the attorney alone. Upon this petition a rule was granted on the defendant and on the garnishee; and the garnishee filed a demurrer.

The court below discharged the rule to strike off the judgment, and granted the prayer of the petitioners to

amend the sheriff's return. The garnishee has appealed, and assigns as error the discharge of the rule to strike off the judgment, the overruling of garnishee's demurrer to the petition for leave to amend the sheriff's return, and the granting of permission to amend the return.

The court below held that "the amendment of the return will remove the defect and make the entry of judgment regular." With this conclusion we cannot agree. Nor do we find in the record justification for the statements of the court below, in its opinion, that "at the time of issuing the aforesaid writ, interrogatories and a rule to answer the same were filed and served"; and that "the garnishee admits by filing a demurrer to the petition [to amend sheriff's return] that the interrogatories and rule to answer were served upon him." If no rule had been issued, none could be served; and even notice that a rule had been issued does not amount to service of the rule itself. The sheriff did not make a return that he served a rule to answer on the garnishee, nor does he attempt in the amendment to his return to show such service. Notice endorsed on the interrogatories and served upon the garnishee that a rule has been entered is not the equivalent of the issuance and service of the rule. "The judgment for default of answer is not according to the course of the common law, and it can therefore be given only when authorized by the statute. A garnishee is not in contempt who disobeys no rule": *Ringwalt v. Brindle,* supra, 59 Pa. 51, at page 54.

A rule issued and to be served on a garnishee to answer the interrogatories is such a process as requires due execution. An undated and unsigned paper is not such process. "The proceedings in the attachment are technical and it being a remedy apart from common procedure, should be strictly followed. No man should be required to pay the debt of another unless he is

legally liable by reason of having the wherewithal to do so out of funds in his hands which belong to the defendant. See *Potts v. Harmer,* 19 Pa. Superior Ct. 252": *Modern Home Heating Co. v. Diehl et al.,* 92 Pa. Superior Ct. 571, at page 574.

Garnishee's demurrer to the petition to amend the sheriff's return admits facts well pleaded therein. *Dilworth Coal Co. v. Kidney,* 43 Pa. Superior Ct. 625; *Com. ex rel. Armstrong v. Commissioners of Allegheny County,* 37 Pa. 277; *Com. ex. rel. Henderson v. O'Donnel,* 188 Pa. 14, 41 A. 341; *Com. ex rel. The Attorney-General v. Walter,* 86 Pa. 15. Assuming the petition to amend the sheriff's return was in such form that it was entitled to consideration by the court below, it does not cure the defect of nonservice of the rule to answer on the garnishee; and it affords no basis upon which the default judgment can rest. The sheriff's return as amended would show that he served the writ "together with the interrogatories with notice that a rule has been entered to answer the said interrogatories within twenty days ......"; but it does not state or affirmatively show, which is a requisite to the validity of the judgment, service of the rule to answer. If a rule to answer had been served on the garnishee, the proposed amendment to the sheriff's return should have so stated. Either it was served or it was not. From the statement that the "interrogatories with notice that a rule has been entered to answer the said interrogatories" have been served upon the garnishee, it cannot be inferred that a rule itself has been issued and served. The statement admitted by the demurrer is not that the rule to answer was served upon the garnishee. The demurrer admits service of notice which is all that is pleaded, and it does not admit service of the rule which is not pleaded. Allowing the amendment to the sheriff's return not only fails to cure the nonservice of the rule to answer,

but emphasizes and reiterates the fact that no such service was ever made on the garnishee.

The judgment entered against the garnishee was irregular on its face; and the record shows that the plaintiff had no right to it. See *King et al. v. Brooks et al.,* 72 Pa. 363; *Allen et al. v. Krips et al.,* 119 Pa. 1, 12 A. 759; *Modern Home Heating Co. v. Diehl et al.,* supra.

The court below had power to grant the relief prayed for (*Hill v. Egan,* 2 Pa. Superior Ct. 596), and the judgment should have been stricken off.

The judgment is reversed, and the rule to strike off is made absolute.