# Zion Church *against* St. Peter's Church.

In a suit by a corporation, the declaration need not contain a profert or averment of the charter.

The want of a charter may be pleaded in abatement, or perhaps in bar; but the defendant, by pleading the general issue and going to trial, waives the objection.

A general appearance by the defendant waives the summons and service of the writ.

The sheriff's return of service of the writ is conclusive; if defective on its face, the defendant should rule the sheriff to amend it, and cannot take the objection on the trial.

[Zion Church v. St. Peter's Church.]

ERROR to the Common Pleas of *Chester* county.

This was an action of partition for a tract of land in Chester county, brought by The Minister, Trustees, &c. of St. Peter's Church, against The Minister, Trustees, &c. of Zion Church. There was no averment in the narr. that the plaintiffs were a corporation, nor did it set out the date or title of the Act incorporating them. The summons was not served upon the minister of Zion Church. The defendants requested the court to charge upon the following points: 1. It is necessary for the plaintiffs to aver in the declaration that they are a corporation, setting out the title of the Act creating the corporation, and the date of its passage.  2. The service of the summons not being according to law upon the principal officer of Zion Church, the plaintiffs cannot recover in this suit.  3. The defendants may take advantage of the irregularity of the service of the writ on the trial.

The court answered as follows:

1. Although a corporation, plaintiff, must prove on the trial under the general issue that it is a corporate body, it is not necessary that it should be so averred in the narr., nor that the Act of incorporation should be set out.  2. Waiving the objection that after appearance and plea in bar the defendant cannot take advantage of a defective service of the writ of summons, by the 14th section of the Act of 13th June 1836, process may be served on the president or other chief officer of a corporation, or on the cashier, treasurer, secretary, &c.   Here the sheriff returns that he summoned the defendants by George Chrisman, president, and Dr Frederick William Heckel, treasurer; and that he also gave notice to other officers.   We must take the sheriff's return to be true, and, if so, the service was sufficient.  3. It is not necessary to answer this point, as I am of opinion, already expressed, that the service was sufficiently regular.

The answers of the court to the 1st and 2d, and their refusal to answer the 3d point of the defendants, were now assigned for error.

*Darlington*, for plaintiff in error.

The practice in Chester county, in actions by public corporations, like that in New York, is to aver that the plaintiffs are a corporation, setting out the Act of incorporation and its date. 17 *Wend*. 443.   The case at bar is that of a private corporation, in which greater strictness is required.

The minister was the principal officer on whom the summons should have been served under the 41st and 42d sections of the Act of 13th June 1836, relating to the commencement of actions.

*Lewis*, contra, contended, that it was unnecessary for the plaintiffs to aver that they were incorporated, or to set out the Act of

[Zion Church v. St. Peter's Church.]

incorporation. 14 *Johns.* 245; 1 *Johns. Cas.* 132; 3 *Ibid.* 125; 2 *Ld. Raym.* 1535; *Willcock on Corp.* § 398.

PER CURIAM.—No precedent of an averment of incorporation, or of a profert of the charter, has been produced in any declaration by a corporation; nor is there a reason why there should be one. Unlike a bond or a grant of administration, it is no part of the title to sue, any more than an act of baptism is part of such a title. Nothing but a deed or grant of administration is pleaded with a profert, and oyer cannot be demanded of a private statute even when a profert has been made of it. The name, in this instance, imports that the plaintiff is a body politic; and had the fact been otherwise, the defendant might have pleaded the want of an act of incorporation in abatement, or perhaps more properly in bar. But the parties went to issue on another fact, and it was afterwards too late to inquire into anything else.

Then the question of service is an immaterial one, as the defendant thought proper to enter a general appearance to the action, which, were it necessary, would be considered a waiver of both summons and service; but the sheriff's return was conclusive. If it were bad on the face of it for specifying that only the minister was served, of which we know nothing, it was the business of the defendant, in place of appearing and taking general defence, to have ruled the sheriff to amend it; and, failing to do so, the irregularity, if there was one, was waived.

Judgment affirmed.