## Griesmer v. Hill, Appellant.

*Replevin—Judgment—Affidavit of defense—Return day—Practice, C. P.—Act of April 19, 1901, P. L. 88.*

1. Under the replevin Act of April 19, 1901, P. L. 88, judgment for want of an affidavit of defense may be entered against the defendant before the return day of the writ, if the defendant has failed to file an affidavit of defense in fifteen days after the filing of the declaration and service of copy thereof.

*Appeals—Assignments of error—Appeal from Superior Court.*

2. On an appeal from the Superior Court to the Supreme Court, the proper form of an assignment of error is that "the Superior Court erred in not sustaining (or in sustaining as the case may be) the first assignment of error to the judgment of the Common Pleas to wit," etc. If there are any new and further matters raised by the judgment of the Superior Court itself, they should be assigned separately in their due order.

3. An assignment merely specifying error in affirming the judgment of the court of common pleas, without more, and assignments merely alleging error by the court below, and not by the Superior Court, are not in the prescribed form.

Argued April 12, 1909. Appeal, No. 241, Jan. T., 1908, by defendants, from judgment of the Superior Court, Jan. T., 1908, No. 30, affirming judgment of C. P. Luzerne Co., Oct. T., 1906, No. 321, discharging rule to strike off judgment in case of Jacob Griesmer v. James Lewis Hill and James C. Hill. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Appeal from the Superior Court. See 36 Pa. Superior Ct. 69.

The assignments of error were as follows:

1. The Superior Court erred in affirming the judgment of the court of common pleas.

2. The court of common pleas erred in entering judgment for want of an affidavit of defense.

3. The court of common pleas erred in discharging the rule to show cause why the judgment should not be stricken from the record.

*Andrew Hourigan* and *James L. Lenahan,* for appellants.

*R. Laura Cannon,* for appellee.

OPINION BY MR. JUSTICE POTTER, October 11, 1909:

The sole question raised by this appeal, is whether, under the replevin Act of April 19, 1901, P. L. 88, judgment for want of an affidavit of defense may be entered against the

defendants, before the return day of the writ. This appeal is from the judgment of the Superior Court, and the assignments of error should be in the form recommended in Mellick v. Penna. R. R. Co., 203 Pa. 457. The present chief justice there said (p. 459), "The question here is, whether the Superior Court . . . . was correct in its dealings with the alleged errors of the court below. In regard to the assignment of errors, an appeal from the Superior Court to this court is analogous to an appeal from a judgment of the common pleas or orphans' court on exceptions to the findings and report of an auditor or referee. The proper form, therefore, is that 'the Superior Court erred in not sustaining (or in sustaining as the case may be) the first assignment of error to the judgment of the common pleas, to wit;' etc. The assignments of error in the Superior Court are therefore the principal errors with which this court is usually concerned and which will generally develop the whole controversy, but if there are any new and further matters raised by the judgment of the Superior Court itself, they should be assigned separately in their due order." In the present case, the first assignment merely specifies error in affirming the judgment of the court of common pleas, without more. The second and third assignments allege error by the court below, and not by the Superior Court. The assignments under the present appeal, all fail to set forth any of the assignments filed in the Superior Court, and they are not therefore in the prescribed form.

Passing to the merits of this appeal, it seems that the practice of entering judgment for want of an affidavit of defense in replevin suits was first authorized by the Act of April 19, 1901, P. L. 88. Section 4 provides: "The plaintiff in such action shall file a declaration, verified by oath, which shall consist of a concise statement of his demand, setting forth the facts upon which his title to the goods and chattels is based." Section 5 provides: "The defendant or party intervening, shall within fifteen days after the filing of such declaration, file an affidavit of defense thereto, setting up the facts denying plaintiffs' title and showing his own title

to said goods and chattels; and in the event of his failure so to do, upon proof that a copy of said declaration was served upon him or his attorney, judgment may be entered for the plaintiff and against the defendant or party intervening." It will be seen that the statute plainly requires the defendant to file an affidavit of defense within fifteen days after the filing of the declaration. In the present case, the statement was properly filed with the præcipe for the writ, and a copy served by the sheriff on defendants together with the writ. This was complete notice to them that the statement had been filed, and they were bound to take notice of the requirement of the statute, to file an affidavit of defense within fifteen days. They failed to do so, and judgment as authorized by the statute was properly entered. As the trial judge says, the evident intent of the lawmakers was to speed the cause. Judgment by default may be taken at any time after the commencement of a suit, when either party is in disregard of the provisions of a statutory rule.

The judgment is affirmed.