## Beishline, Appellant, *v.* Kahn et al.

*Practice, C. P.—Affidavit of defense—Judgment—Return day—Act of May 14, 1915, P. L. 483.*

Under the Act of May 14, 1915, P. L. 483, a judgment may be entered against defendant for want of an affidavit of defense, before the return day of the summons.

Argued April 15, 1919.    Appeal, No. 286, Jan. T., 1919, by plaintiff, from order of C. P. Luzerne Co., July T., 1917, No. 647, striking off judgment in case of Howard Beishline v. Joseph Kahn and London & Lancashire Indemnity Company of America.    Before BROWN, C. J., MOSCHZISKER, FRAZER, SIMPSON and KEPHART, JJ.    Reversed.

Rule to strike off judgment.    Before the five judges of the Court of Common Pleas of Luzerne County.

The court made the rule absolute.    Plaintiff appealed.

*Error assigned* was the order of the court.

*John H. Bigelow,* with him *Richard L. Bigelow,* for appellant.—The precise question has been passed upon and determined by both the Supreme Court and Superior Court of Pennsylvania in their construction of the Replevin Act of April 19, 1901, P. L. 88, in the case of Griesmer v. Hill, 36 Pa. Superior Ct. 69; Griesmer v. Hill, 225 Pa. 545; see also Curry v. Phœnixville, etc., Ry. Co., 26 D. R. 802; American Lumber & Manufacturing Company v. Ensminger Lumber Company, 26 D. R. 1051; Shipley Massington Co. v. Golden, 27 D. R. 953.

*Charles M. Bowman,* with him *Reynolds & Reynolds,* for appellees, cited: Rigel v. Birmingham Fire Insurance Co., 27 D. R. 1012; Brownworth & Co. v. Sulkin, 26 D. R. 660; Watson v. Penna. R. R. Co., 25 D. R. 1034;

Philadelphia & Reading Coal & Iron Co. v. Stambaugh, 26 D. R. 275.

OPINION BY MR. CHIEF JUSTICE BROWN, May 21, 1919:

This appeal is from an order of the court below striking off a judgment entered for want of an affidavit of defense before the return day of the summons issued against the defendant in an action of assumpsit. Prior to the passage of the Practice Act of May 14, 1915, P. L. 483, such judgment could not have been taken, and judges of the common pleas, including those of the court below, have differed as to the right of a plaintiff to take it under that act. The majority of the court below were of opinion that the act did not authorize it, and the rule to strike off was accordingly made absolute. It is well this appeal has been taken, for our disposition of it will settle an important question of practice.

It is urged in support of the action of the court below that judgment ought not to be entered against a defendant before the day on which he is summoned to appear. This is true, unless the legislature has provided otherwise, and that it may so provide has long been settled. Under the Act of June 16, 1836, P. L. 719, a rule of reference to arbitrators may be entered the day the plaintiff files his declaration, and he may obtain an award, which, if unappealed from, will become a final judgment before the return day of his writ: Henness v. Meyer, 4 Wharton 358; Fehr v. Reich, 36 Pa. 472. In Griesmer v. Hill, 225 Pa. 545, the sole question before us was whether, under the Replevin Act of April 19, 1901, P. L. 88, judgment for want of an affidavit of defense could be entered against the defendant before the return day of the writ. In holding that it could, we said: "Passing to the merits of this appeal, it seems that the practice of entering judgment for want of an affidavit of defense in replevin suits was first authorized by the Act of April 19, 1901, P. L. 88. Section 4 provides: 'The plaintiff in such action shall file a declaration, verified by oath,

which shall consist of a concise statement of his demand,
setting forth the facts upon which his title to the goods
and chattels is based.' Section 5 provides: 'The defend-
ant or party intervening shall, within fifteen days after
the filing of such declaration, file an affidavit of defense
thereto, setting up the facts denying plaintiff's title and
showing his own title to said goods and chattels; and, in
the event of his failure so to do, upon proof that a copy
of said declaration was served upon him or his attorney,
judgment may be entered for the plaintiff and against the
defendant or party intervening.' It will be seen that the
statute plainly requires the defendant to file an affidavit
of defense within fifteen days after the filing of the decla-
ration. In the present case, the statement was properly
filed with the præcipe for the writ, and a copy served by
the sheriff on defendants together with the writ. This
was complete notice to them that the statement had been
filed, and they were bound to take notice of the require-
ment of the statute, to file an affidavit of defense within
fifteen days. They failed to do so, and judgment as au-
thorized by the statute was properly entered. As the
trial judge says, "The evident intent of the lawmakers
was to speed the cause. Judgment by default may be
taken at any time after the commencement of a suit,
when either party is in disregard of the provisions of a
statutory rule." In view of the foregoing, the learned
court below ought not to have regarded the question be-
fore it as unsettled.

That a plaintiff may file his statement and have it
served on the defendant the same day the writ issues and
is served, is undoubted. Section 10 of the Act of 1915
provides that the statement of claim shall be endorsed
as follows: "To the within defendant—You are required
to file an affidavit of defense to this statement of claim
within fifteen days from the service hereof." This notice
shall be followed by the name of the plaintiff's attorney,
or by his own name if he sues in person, and an address
within the county where all papers are to be served; and

section 12 of the act declares that "the defendant shall file an affidavit of defense to the statement of claim within fifteen days from the day when the statement was served upon him." If an affidavit of defense is not filed within the prescribed time in an action of assumpsit, the prothonotary "may enter judgment for want" of it: Sec. 17 of the same act. This means that the judgment which the prothonotary is authorized to enter is to be entered on the præcipe of the plaintiff or his attorney. Words could not possibly make clearer the legislative intent that judgment may be taken against a defendant before the return day of the writ issued against him, and that this legislative speeding the disposition of a case is very wise is well illustrated by the case at bar. On June 26, 1917, a summons was issued against the defendant, and on the same day the plaintiff filed his statement of claim. Both were served on the 29th of the same month. The summons was returnable September 10, 1917, that being the next ensuing return day in the court below. Two months and a half elapsed between the day the summons was issued and the return day, and, under the construction we are asked to give to the Act of 1915, the plaintiff could have asked for nothing under his pleadings during all that interval. The legislature had provided that he should not be so delayed, and, if we should hold otherwise, we would practically read into the act a proviso that, whenever the fifteen days—the period of time within which an affidavit of defense must be filed—shall expire before the return day of the writ, the time of filing shall be extended to that day. This would be forbidden judicial legislation: Endlich on Interpretation of Statutes, Sec. 4; Wilberforce's Statute Law, 116.

The order of the court below is reversed and the judgment is reinstated, the costs on this appeal to be paid by the appellee.