## Roads, Appellant, *v.* Dietz and Dietz.

*Constitutional law—Title of act—Act of March 10, 1921, P. L. 16—Amendments to Practice Act—Constitutionality.*

The Act of March 10, 1921, P. L. 16, amending section 12 of the Act of May 3, 1917, P. L. 149, amending section 12 of the Act of May 14, 1915 (Practice Act), P. L. 483, is not contrary to the provision of section 3, of article III, of the Constitution of Pennsylvania, requiring the subject of the act to be clearly expressed in its title. Although the title speaks of section 12 of the Act of 1917, and such act contains no such section, a mere reference to the act will disclose that it contains but one section composed of three paragraphs, the second being section 12 of the Act of 1915 cited for amendment and the third being the amendment.

The purpose of the Act of 1921 to amend the Act of 1917 in its one section is plain from the context and any other construction would be an absurdity.

The courts may correct an error, even in an act of assembly, when as it is written it involves a manifest absurdity and the error is plain and obvious.

Argued December 5, 1922. Appeal, No. 289, Oct. T., 1922, by plaintiff, from order of C. P. Schuylkill Co., Sept. T., 1922, No. 403, making absolute the rule to strike off judgment in the case of Prall B. Roads v. G.

Statement of Facts—Opinion of the Court. [80 Pa. Superior Ct.

Fred Dietz and Annie Ferg Dietz. Before PORTER, HEN-
DERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.
Affirmed.

Rule to strike off judgment entered by default.   Be-
fore BERGER, J.

The opinion of the Superior Court states the case.

The court made absolute the rule to strike off the
judgment.   Plaintiff appealed.

*Error assigned* was the order of the court.

*P. B. Roads,* and with him *A. L. Shay* and *Cyrus G.
Derr,* for appellant.—The title of the act is misleading
and the act unconstitutional: Com. ex rel. v. Samuels,
163 Pa. 283; Sewickley Borough v. Sholes, 118 Pa. 165;
Road in Phœnixville, 109 Pa. 44; Gackenbach v. Lehigh
County, 166 Pa. 448; Com. v. Dale Borough, 272 Pa.
189.

*J. A. Noecker,* and with him *H. O. Haag,* for appellees.
—The title of the act was in full compliance with the
constitutional provisions: Com. ex rel. v. Samuels, 163
Pa. 283; Beckert v. City of Allegheny, 85 Pa. 191; Dick-
inson Township Road, 23 Pa. Superior Ct. 34; Provi-
dent L. & Tr. Co. v. McGaughn, 245 Pa. 370; Goodwin
v. Bradford City Council, 248 Pa. 453.

OPINION BY GAWTHROP, J., March 2, 1923:

This appeal is from an order of the court below strik-
ing off a judgment entered for want of an affidavit of
defense.   The sole question raised by the record is
whether the Act of March 10, 1921, P. L. 16, entitled
"An act amending the twelfth section of an act, ap-
proved the third day of May, one thousand nine hundred
and seventeen (Pamphlet Laws, one hundred and forty-
nine) entitled 'An act amending the twelfth section of
an act, entitled "An act relating to practice in the courts

of common pleas in actions of assumpsit and trespass, except actions for libel and slander; prescribing the pleadings and procedure to be observed therein, and giving the courts power to enforce its provisions," approved the fourteenth day of May, Anno Domini one thousand nine hundred and fifteen; providing that counties, cities, boroughs, townships, school districts, and other municipalities shall not be required to file affidavits of defense,'" is in conflict with the third section of the third article of the Constitution, in this, that the subject of the statute is not clearly expressed in its title. Section twelve of the Practice Act nineteen fifteen required the defendant to file an affidavit of defense to the statement of claim within fifteen days from the day when the statement was served upon him. Section seventeen of that act authorized the prothonotary to enter judgment by default if the affidavit of defense be not filed within the prescribed time. These sections were construed in Beishline v. Kahn et al., 265 Pa. 101, to authorize the entry of judgment against the defendant as soon as he was in default, although the default occurred before the return day of the writ. Doubtless in order to change the law declared by this decision, the legislature passed the Act of March 10, 1921, P. L. 16, amending section twelve of the Practice Act nineteen fifteen, by extending the time for filing the affidavit of defense to the return day of the writ. This was done by adding to section twelve of the Practice Act, as originally written, the following proviso: "And provided further, that no affidavit of defense shall be required to be filed under the provisions of this act in any case before the return day of the writ or summons." As appears from an inspection of the title under consideration, the twelfth section of the Practice Act nineteen fifteen was amended in 1917 by the insertion of a proviso as follows: "Provided that counties, cities, boroughs, townships, school districts, and other municipalities shall not be required to file an affidavit of defense." The title to the Act of

1917 gave specific notice of the nature and character of the amendment. The appellant contends that the Act of 1921 purports to amend the twelfth section of the Act of 1917; but that, as there is no twelfth section of the Act of 1917 and it contains but one section, to wit, section one, the title to the Act of 1921 expresses an intention to amend a section of an act which never was in existence; and that therefore the Act of 1921 is unconstitutional and void. He contends further that the subject to the Act of 1917 is the relieving all counties, cities, boroughs, townships, school districts, and other municipalities of filing affidavits of defense; that any amendments to that act must be limited to that subject; and that the provisions of the Act of 1921 that no affidavit of defense shall be required to be filed in any case before the return day of the writ are too broad and not germane to the subject of the act sought to be amended. The answer to these contentions is not difficult. It is perfectly manifest that the word "twelfth," the fifth word in the title of the Act of 1921, is an error which could not mislead anyone interested in the subject of the legislation covered by the act. Mere reference to the Act of 1917 will disclose that it contains one section, composed of three paragraphs, the second paragraph being section twelve of the Act of 1915, cited for amendment, and the third paragraph being section twelve as amended. The purpose of the act to amend the Act of 1917 in its one section is plain from the context. Any other contention would be an absurdity. The courts may correct such an error even in an act of assembly when, as it is written, it involves a manifest absurdity and the error is plain and obvious: Lancaster County v. Frey, 128 Pa. 593; see also Keller v. Com., 71 Pa. 416.

Is the subject of the Act of 1921 germane to the subject of the Act of 1917? The appellant says in his printed argument that he would not contend that the lower court had erred if the title to the Act of 1921 read "An act amending an act or the first section of an act,

approved the third day of May, one thousand, nine hundred and seventeen, Pamphlet Laws 149." In view of what we have said, this is precisely what the title challenged means. It expresses a clear legislative purpose to amend the twelfth section of the Practice Act nineteen fifteen, as amended by the Act of 1917, and that without limitation as to the character and scope of the amendment. The title of an amendatory or supplementary act is sufficient if it declares itself to be such and its provisions are germane to the subject of the original act: In re The Borough of Pottstown, 117 Pa. 538; Goodwin v. Bradford City Council, 248 Pa. 453; Stroudsburg Borough v. Shick, 24 Pa. Superior Ct. 442, and Com. v. Thomas, 248 Pa. 256. The test of the validity of an amending statute is the relation of its enactments to the subject of the original act. The subject of the original act must be clearly expressed in its title. If the enactments of the supplement or amendment would be valid if included in the original act, having reference to the subject of that act as expressed in its title, the supplement or amendment does not fall by reason of defective title. There is no merit in appellant's contention that the Act of 1917 is to be treated as an independent act limited to a specific subject, to wit, the relieving municipalities of filing affidavits of defense. It cannot be separated from the Practice Act nineteen fifteen. It constitutes a new section twelve of that act. Whether the title of the Act of 1921 purports to amend the twelfth section of the Practice Act nineteen fifteen, as amended by the Act of 1917, or whether it purports to amend the Act of 1917, the result is the same. The only difference being one of method in bill drafting. It clearly manifests in either case a purpose to enact a new section twelve of the Practice Act nineteen fifteen. The title of the Act of 1915 is sufficient to cover all the provisions of the Act of 1921 if they had been inserted therein. We are satisfied that the title to the latter act gives fair notice of the contents of the act, and satisfies the constitutional pro-

visions that the subject of a bill shall be clearly expressed in its title.

The order of the court below is affirmed, and the appeal dismissed at appellant's costs.