## DeKalb, Appellant, *v.* Rollison.

*Judgments—Opening—Discretion of court.*

On a petition to open a judgment entered for want of an affidavit of defense, defendant averred that an affidavit had been filed prior to the entry of judgment, but that the filing thereof had not been noted on the docket by the prothonotary. It appeared that defendant upon discovering the state of the record, promptly petitioned the court to open the judgment, and accompanied the petition with the copy of the affidavit alleged to have been filed, which affidavit set forth a sufficient defense to plaintiff's claim. Plaintiff's answer to the petition merely denied the filing of the affidavit as a conclusion from the fact that such filing was not noted in the docket in the Prothonotary's office.

Under such circumstances the court did not abuse its discretion in opening the judgment.

Argued October 18, 1926. Appeal No. 76, October T., 1926, by plaintiff from order of C. P. No. 2, Philadelphia County, March T., 1923, No. 1112, in the case of Hugh DeKalb v. E. Lloyd Rollison. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Rule to open judgment. Before STERN, J.

The facts are stated in the opinion of the Superior Court.

The rule was made absolute. Plaintiff appealed.

*Error assigned* was the order of the court.

*Paul Reilly,* and with him *George E. Letchworth, Jr.* for appellant.

*John A. Boyle,* for appellee.

OPINION BY HENDERSON, J., March 3, 1927:

The plaintiff caused judgment to be entered against the defendant on January 18, 1924, for want of an affidavit of defense. The petition to open the judgment was based on the averment that such affidavit of defense was filed on March 15, 1923; that on the same day notice was given to the plaintiff's attorney of the filing of the affidavit; that the filing of the affidavit of defense was not noted in the docket by the prothonotary, but that the defendant was not aware of this fact until he learned, shortly before his application to open, that judgment had been taken against him and his petition was accompanied by a copy of the affidavit alleged to have been filed—which set forth a sufficient defense to the plaintiff's claim. It was also alleged that a copy of the affidavit of defense was sent to the plaintiff's attorney at or about the time the original was filed in the prothonotary's office. The answer to the petition only denies the filing of the affidavit as a conclusion from the fact that such filing was not noted in the docket in the prothonotary's office. There is also denial that the letter which was sent to the plaintiff's attorney announcing the filing of the affidavit of defense contained a copy of it. The good faith of the defendant is not impeached with respect to the filing of the affidavit and the court properly concluded that he was misled to his prejudices by the failure to make a record of the affidavit. There is no denial that he acted promptly on discovering the state of the record, and the court in the exercise of judicial discretion opened the judgment to permit the defendant to make defense. There are numerous precedents to sustain the action taken by the court where the judgment is not the result of the defendant's neglect or inattention, but of his counsel or a court official, and

where prompt action is taken after information as to the judgment and where a good defense is tendered. The cases cited by the court below and many others leave no doubt as to the propriety of granting relief in such circumstances. The case presented is one for the exercise of sound discretion and a conclusion so arrived at should not be disturbed except for clear error: Kulp v. Lehigh Valley Transit Co., 81 Pa. Superior Ct. 296.

It is contended by the appellant that the judgment should not have been opened because of the absence of evidence to support the petition. The argument of the appellant proceeds on the assumption that the answer was responsive to the petition to open, but as has already been noted the answer does not controvert the allegation of the petition that the affidavit was filed. It merely avers that it was not filed because such filing does not appear to be noted on the record. The copy attached to the petition shows the affidavit was sworn to before a notary public on the 14th day of March, 1923, and that gives support to the petitioner's averment, as does also the letter admitted to have been received by the plaintiff's counsel stating that the affidavit had been filed. We think the facts set forth in the proceeding to open and not directly controverted support the judgment of the court setting aside the default.

The assignment is therefore overruled and the judgment affirmed.