## Reading National Bank v. Minnich.

*Kirkpatrick, Maxwell & Chidsey* and *W. A. Frack*, for plaintiff.
*H. M. Spengler*, for defendant.

STEWART, P. J., March 19, 1928.—This is a rule on the plaintiff to show cause why a judgment should not be stricken from the record. An answer was filed, but no replication. At the threshold we are again met with the question that we have so often called counsels' attention to, and that is the legal effect of omitting to file a replication. In addition to the authorities we have often cited, the learned counsel for the plaintiff cite Carr *v.* Ætna Accident and Liability Co., 263 Pa. 87, which was a proceeding to strike off a judgment. In the present matter, however, as our decision is in favor of the plaintiff, it would be useless to defer action simply to permit a replication to be filed and depositions to be taken. We called the prothonotary before the court upon the argument in the presence of counsel, and his statement was, in effect, that the affidavit of defense had been filed on Oct. 5, 1927, but it was not entered on the Continuance Docket on that date nor on Oct. 13, 1927, when the plaintiff's counsel took judgment for want of an affidavit of defense. They were justified in so doing by the record. We must look at the record, not as it now appears, but as it was on the day when the judgment was entered, to wit, on Oct. 13, 1927, to see if there were any irregularities of record, and there were none; hence, the judgment must stand, but the record also shows another feature wherein the defendant is in default. The Practice Act of May 14, 1915, § 12, P. L. 483, provides: "The defendant shall file an affidavit of defense to the statement of claim within fifteen days from the day when the statement was served upon him. The affidavit of defense shall be as brief as the nature of the case will admit. It shall be sworn to by the defendant or some person having knowledge of the facts. It shall be served upon the plaintiff or his attorney at the address for the service of papers indorsed on the statement of claim, and shall be indorsed with the name of the defendant's attorney, or of the defendant if he defends in person, and an address within the county where all papers are to be served." To meet the decision of the Supreme Court in Beishline *v.* Kahn et al., 265 Pa. 101, where the Supreme Court set at rest a question upon which many of the lower courts differed, by holding that "under the Act of May 14, 1915, P. L. 483, a judgment may be entered against defendant for want of an affidavit of defense before the return-day of the summons," the legislature passed the Act of March 10, 1921, P. L. 16, re-enacting section 12, by adding: "And provided further, That no affidavit of defense shall be required to be filed under the provisions of this act in any case before the return-day of the writ or summons." Therefore, by the plain wording of the act, the defendant should see to it that his affidavit of defense is not only filed, but served on the plaintiff or his attorney. The record in the present case shows that the affidavit of

defense was not served on the plaintiff's attorneys until Oct. 24, 1927, so that the defendant was in default even if he had filed his affidavit of defense on Oct. 5, 1927, in not causing it to be at once served on the plaintiff or his attorneys. The learned counsel for the plaintiff now argue that they took judgment without any notice at the time judgment was taken of the filing of the affidavit of defense and without any service of it on them prior to taking judgment, and that, therefore, the affidavit of defense must even now be considered a nullity. In Luzerne County National Bank v. Stout, 26 Dist. R. 1093, the syllabus is: "Under the Practice Act of May 14, 1915, §§ 10 and 12, P. L. 483, judgment will be entered for want of a sufficient affidavit of defense when an affidavit of defense was in fact filed in the office of the prothonotary within fifteen days, as required by the act, but no copy was served upon the plaintiff or his attorney, the copy intended for such service having been inadvertently filed with the original in the office of the prothonotary." In Wright Wire Co. v. Levi, 28 Dist. R. 795, the syllabus is: "Under the Practice Act of May 14, 1915, P. L. 483, a copy of the affidavit of defense must be served upon the plaintiff or his attorney within fifteen days of the service of the statement." The same view of the matter was taken by McCormick, J., in Glover v. Errich, 30 Dist. R. 720, although here the court refused to make absolute a rule for judgment for failure to serve a copy of the affidavit of defense. The court said the proper procedure was a rule to enter judgment for want of an affidavit of defense. The same view was held by Bechtel, J., in Seaman v. Mealey et al., 1 D. & C. 146, although his view of the remedy was that the affidavit of defense must first be gotten rid of by a rule to strike it off the record.

The fact, therefore, is that, conceding the affidavit of defense was filed on Oct. 5, 1927, not being served, it was a nullity. Attorneys seem to have overlooked the matter of serving the affidavit of defense on the plaintiff or his attorneys. It is not enough to simply hand the affidavit to the prothonotary, but a copy should be given to the sheriff and arrangements made with him for immediate service on the plaintiff or his attorney. It would seem, therefore, that defendant's relief would be by a petition to open the judgment. A case not cited by counsel, but which seems to us very important in this controversy, is DeKalb v. Rollison, 90 Pa. Superior Ct. 128. The facts are very similar, with the exception that in that case defendant notified plaintiff's attorney by mail that he had filed the affidavit of defense and sent him a copy of the same. The prothonotary neglected to note the filing of the affidavit of defense on the Continuance Docket. The application was not to strike off the judgment, but to open it. Henderson, J., discussed the question fully and sustained the court in opening the judgment where the facts showed that the defendant had acted promptly and exhibited to the court a good defense. See, also, the excellent discussion of Walling, J., in Fuel City Manuf. Co. v. Waynesburg Products Corp., 268 Pa. 441. We may have power to substitute another rule for the one issued where the merits of the case demand. We have heretofore held that we have that power, and so have other judges, but we do not think we should do so in the present case. That is to say, we have examined the petition to strike off and the affidavit of defense. In the former, there is nothing that would move us to open the judgment, and the latter does not specifically deny the averments of the statement. On the argument, it was stated that the defense was that he did not sign the note; that he had signed some notes, but this was not among that number. We will grant a rule to show cause why the judgment should not be opened and defendant let into a defense, if a petition containing proper averments as to matters of

defense and explanation of the failure to cause the affidavit of defense to be served on plaintiff, and delay in presenting any petition until Feb. 9, 1928, is presented to us within two weeks from this date. No execution to be issued in the meantime. An answer can then be filed and depositions taken upon the merits of the case.

And now, March 19, 1928, rule to show cause why judgment should not be stricken from the record is discharged.

From Henry D. Maxwell, Easton, Pa.