## Liberal Credit Clothing Company, Appellant, *v.* Tropp.

54

Argued November 16, 1938.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker and Rhodes, JJ.

*Barnet Lieberman,* for appellant.

*Ivan Michaelson Czap,* with him *Henry W. Balka,* for appellee.

OPINION BY KELLER, P. J., March 3, 1939:

On April 5, 1938 an action in assumpsit was brought in the municipal court by Liberal Credit Clothing Company against Samuel Tropp. In the praecipe and in the body of the writ the address of the defendant was given as 3315 North 5th Street, and that of the plaintiff as 716 Market Street. The writ was returned by the Sheriff of Philadelphia County as having been served on "Samuel Tropp, the within named defendant, by handing a true and attested copy of the within writ to Mrs. Tropp, an adult member of the family of said defendant, who stated that her relationship to said defendant is that of wife, on April 11, 1938, at 9:00 o'clock A. M., Eastern Standard Time, at 3316 North 5th St., in the County of Philadelphia, State of Pennsylvania, the dwelling house of said defendant."

On May 27, 1938 plaintiff's statement was filed claiming the sum of $168.47, with interest from June 18, 1937, representing collections for merchandise sold on the instalment plan, which the defendant as collector for the plaintiff had made and had failed and refused to pay the plaintiff. An itemized statement giving the names and addresses of the customers, and the amount collected from each of them by the defendant and not turned over to the plaintiff was attached and made part of the statement. Endorsed on the statement was a notice to the defendant informing him that he was re-

quired to file an affidavit of defense within fifteen days from the service thereof or that judgment would be entered against him. Affidavit was filed on June 13, 1938 that a copy of the plaintiff's statement with notice endorsed as above was served on the defendant by handing same to an adult member of his family at his home, 3315 North 5th Street, Philadelphia, on Thursday, June 2, 1938 at 7:30 P. M. Daylight Saving Time.

On June 22, 1938, no appearance having been entered for the defendant or affidavit of defense filed, judgment was entered by the Prothonotary, on order of plaintiff's attorney, for $178.55, for want of an affidavit of defense. The creditor's address was certified as 716 Market Street and the defendant's as 3315 North 5th Street.

On July 29, 1938 a writ of fieri facias was issued on this judgment, returnable the first Monday of September, 1938, pursuant to which the sheriff levied upon a Hudson sedan automobile, serial No. 73129, motor No. 80045, as the property of the defendant, Samuel Tropp, at 3315 North 5th Street, Philadelphia, and advertised the same for sale on August 11, 1938.

Before the date of the sale, a claim was filed with the sheriff by C. I. T. Corporation, claiming ownership of the Hudson sedan automobile levied upon under said writ of fieri facias; and the said defendant filed his claim for his $300 exemption. Following this the sheriff obtained a rule on the parties to the execution and the claimant, C. I. T. Corporation, to show cause why an interpleader issue should not be granted, and the automobile was duly appraised at $475.

On August 18, 1938, the defendant presented his petition setting forth that he is a resident of Cheltenham, Montgomery County, and did not reside at 3315 or 3316 North 5th Street, Philadelphia; that he had no notice of the suit until, judgment having been entered against him by default, his automobile was seized by the sheriff upon a writ of execution [which must have

occurred in Philadelphia]; that the C. I. T. Corporation holds title to said automobile as security for a balance of $225.36 due it; and that the amount due the C. I. T. Corporation ($225.36) and the defendant's exemption claim ($300) exceed the value of the automobile as appraised by the sheriff, $475; that the judgment entered against the defendant is void because there is no legal plaintiff, since the record fails to disclose whether the plaintiff is a corporation, a partnership, or an individual using a fictitious trade name. He therefore prayed that the judgment entered by default be stricken from the record and that the sheriff be directed to return said automobile to him.

A rule to show cause was granted upon this petition on the sheriff and the plaintiff, to which the plaintiff filed an answer, in which it denied that the defendant is a resident of Cheltenham, Montgomery County, and averred that he resides at 3315 North 5th Street, Philadelphia, and that both the writ of summons and a copy of the plaintiff's statement were properly served on him there. It admitted that C. I. T. Corporation filed a property claim, claiming to be the owner of said automobile and to have leased the same to the defendant, and averred that before any default had occurred plaintiff tendered the balance due said C. I. T. Corporation, but the latter refused to accept same. It denied that the judgment was void because plaintiff failed to set forth whether it was a corporation, a partnership, or an individual using a fictitious name and averred that defendant by filing his $300 exemption claim waived any right he might have had to raise this question or any other procedural defect.

The court on August 31, 1938 made the rule absolute and ordered the judgment stricken from the record and the automobile returned to the defendant on the grounds: (1) That defendant had not been properly served with the summons and statement and had no

knowledge of the judgment; and (2) that there was no legal plaintiff.

On September 16, 1938 plaintiff appealed and obtained in the court below an order directing that on the filing of a good and sufficient bond in the sum of $500—which was done on September 20—the appeal should operate as a supersedeas and the defendant should forthwith return the automobile to the custody of the sheriff, or in lieu thereof, enter good and sufficient bond in twice the amount of the judgment, $178.55, conditioned upon his compliance with any order which might be entered by the Superior Court.

We are of opinion that the order appealed from should be reversed.

It will be noted that the defendant in his petition did not ask that the judgment be opened. He did not deny that the writ of summons had been served on his wife at 3315 North 5th Street, Philadelphia, or the plaintiff's statement on an adult member of his family at 3315 North 5th Street, Philadelphia, nor did he aver that his *family* did not live at 3315 North 5th Street, Philadelphia. He did not aver that he had any defense to the action nor did he present any defense in his petition. He asked that the judgment be stricken off and this can only be done for irregularity appearing on the face of the record; a motion to open is an appeal to the equitable power of the court to let defendant into a defense: *Williams v. Notopolos,* 247 Pa. 554, 93 A. 610.

A judgment will not be struck off on the ground of a false return by the sheriff. The sheriff's return is conclusive: *Zion Church v. St. Peter's Church,* 5 W. & S. 215; *Garrett v. Turner,* 47 Pa. Superior Ct. 128, 131. If a false return was made the defendant has his remedy against the sheriff. But a clerical mistake may be corrected by amendment to conform with the facts, if service was actually made in accordance with law. For example, on examining the original record, we find

that by an error of the clerk who prepared the writ of summons, the address of the defendant was *endorsed* on the writ as 3316 North 5th Street instead of 3315 North 5th Street, as it appeared in the body of the writ. The lead pencil notation made by the server of process on the original writ reads: "4-11-38. 9 a. m. Served Mrs. Tropp, wife, for Samuel Tropp, 3315 N. 5th St., Whitelock." In making the formal return, the sheriff apparently followed the error in the *endorsement* and returned the service as made at 3316 North Fifth Street. If actually made at *3315*, it can be corrected by amendment. If a false return, the sheriff is responsible; but it is not ground for striking off the judgment.

Nor do we think it a fatal defect of the judgment that neither in the praecipe for summons nor in the plaintiff's statement did it appear whether Liberal Credit Clothing Company was a corporation, a partnership or an individual using a fictitious name.

Practically all the cases cited or relied on by appellee were instances where the *defendant* was not sufficiently identified. Legal service on a defendant may differ, depending on whether defendant is a corporation, a partnership or an individual, and hence in an action against a defendant the status of the defendant, unless an individual is sued, should appear either in the caption of the praecipe or by averment in the statement, but the same reason does not apply to a plaintiff. By bringing the action, it is in court, and whatever its status, it cannot escape the consequences of its own action. It was held in *Zion Church v. St. Peter's Church,* supra, that averment of incorporation or profert of its charter was not necessary by a plaintiff corporation. See also *Dilworth Coal Co. v. Kidney,* 43 Pa. Superior Ct. 625, 629; *Wilson Estate v. Transportation Ins. Co.,* 113 Pa. Superior Ct. 405, 173 A. 722; *Rome Sales & Service Station v. Finch,* 111 Pa. Superior Ct. 226, 169 A. 476. The defendant, if in doubt, may rule a plaintiff to set forth its status, as corporation,

partnership, etc., and if a partnership, who constitute it. But this defendant was not misled or injured in any way by the failure of plaintiff to aver whether it was a corporation, a partnership or an individual. He had worked for it as a salesman and collector at 716 Market Street, Philadelphia, and was acquainted with its status. If he had any defense to the action and there was any reasonable ground for his failure to appear and present such defense, he should have asked the court to open the judgment and allow him to present his defense. But purely technical grounds of attack should not be encouraged.

The plaintiff has asked this court to hold defendant in contempt because following the filing of plaintiff's appeal bond, defendant failed either to return the automobile to the sheriff or to file a bond in double the amount of the judgment conditioned upon his compliance with any order entered by this court. Without passing on the validity of the form of the order of supersedeas in the court below, we are of opinion that the circumstances do not justify such action. The order appealed from was entered August 31, 1938. The appeal was not taken until September 16 and the plaintiff's bond was not filed until September 20. The automobile had been claimed by C. I. T. Corporation under a lease with defendant. It did not appear that the defendant was in a position to return the automobile when this appeal was taken or to give the alternative bond directed in the order. Certainly no action of the defendant in disregard of the appeal or of the order of court, such as to justify a contempt order, was shown after the appeal was taken. Rule discharged.

The order striking off the judgment is reversed, with a procedendo.