## Reihart v. Hess

R. *Merle Heffner* and *Jno. P. Sipes*, for plaintiff.
*George S. Black* and *James Strite*, for defendant.

SHEELY, P. J., June 18, 1947.—On August 6, 1946, plaintiff caused judgment to be entered against defendant for want of an affidavit of defense in an action of assumpsit. On April 14, 1947, eight months later, and after plaintiff had instituted an equity action seeking to set aside a transfer of real estate by defendant, defendant filed the present petition to strike off the judgment alleging that the judgment was defective in that (1) the sheriff's return of service of the summons shows that no true and attested copy of the writ of summons was delivered to, or served upon, defendant; (2) as shown on the docket record, no statement of claim was served upon defendant; (3) the judgment was entered before the fourth day after the return day of the writ of summons. A rule was granted upon plaintiff to show cause why the judgment should not be stricken off, returnable May 12, 1947.

On April 14, 1947, the sheriff of Fulton County presented his petition alleging that he had made return to the writ of summons, that he had served a "true and correct" copy thereof upon defendant and praying the court for permission to amend his return so as to show that he had served a "true and attested copy" thereof, and at the same time he had served a copy of the statement of claim upon defendant. On April 21, 1947, the prothonotary of Fulton County presented his petition alleging that on July 12, 1946, the præcipe for a writ of summons and the statement of claim were filed in his office, but that in making the docket entry he neglected to note the filing of the statement of claim. He prayed for authority to amend his docket

entries to show the filing of the statement of claim on July 12, 1946. Rules upon defendant to show cause why the prayers of these petitions should not be granted were issued, returnable May 12, 1947.

Plaintiff filed an answer to defendant's rule to strike off, substantially admitting the facts as alleged, but referring to the petitions of the prothonotary and the sheriff to amend the records. Plaintiff further alleged that the return of service of a "true and correct" copy of the summons instead of a "true and attested" copy would be a sufficient return.

Defendant filed answers to the petitions of the sheriff and prothonotary. In the answer to the petition of the prothonotary she admits that the statement of claim was filed on July 12, 1946, but "as to such averments of fact as may be considered to be included in the prayer for relief, defendant is without knowledge or information . . . and . . . demands proof of the same". Since the prayer was merely to amend the docket entry to show that the statement of claim was filed on July 12, 1946, which fact defendant admits, nothing is required to be proved and the rule must be made absolute.

In answer to the petition of the sheriff to amend his return to show service of the "true and attested copy" of the writ of summons instead of "true and correct copy" and to show service of the statement of claim, defendant avers that after reasonable investigation she "is without knowledge or information sufficient to form a belief as to the truth thereof and therefore demands proof of the same".

Defendant did not appear personally at the taking of testimony on the rules, and offered no testimony whatever. The sheriff testified that he served the summons and the statement of claim personally upon defendant on July 16, 1946; that he read both papers to her and left copies with her; but that because of the

lapse of time he could not definitely say whether the copy of the writ of summons left with defendant was "attested". It is noted that defendant does not deny service of the papers upon her. If the papers were in fact served, the only person who would be in a position to know definitely whether the writ of summons was "attested" would be defendant, but she has seen fit to remain silent and to stand on her allegation of lack of knowledge.

It is a general rule that an officer of the law is presumed to have done his duty, and he may rely upon that presumption. It is rebuttable, but the one who attacks the regularity of the officer's proceeding has the burden of proving that his proceedings are irregular: Davis v. Commonwealth Trust Co. et al., 45 Dauphin 16 (1938) ; Mortgage Building and Loan Association v. Van Sciver, 304 Pa. 408. Where a summons was returned "served", as was the practice, without stating when it was served, and judgment was taken by default, it was held that if served within 10 days of the return day it would be set aside, but after a writ of inquiry executed, and judgment on that, and after long acquiescence, it could not be presumed that defendant had any ground of complaint: Morrison v. Wetherill, 8 S. & R. 502 (1822). A return cannot be amended where depositions show that the amendment would be false (Bailian v. Keishian, 2 D. & C. 673 (1923)), but a proper return is conclusive and is not the subject of attack in the absence of fraud: Morris et al. v. Bender et al., 317 Pa. 533. If the sheriff makes a false return, or amends his return falsely, the party injured thereby has a right of action against the sheriff: Morris et al. v. Bender et al., 317 Pa. 533; Rittenberg et al. v. Stein et al., 97 Pa. Superior Ct. 554; Seminole B. & L. Assn. v. Levit, 107 Pa. Superior Ct. 252. We conclude that in the absence of testimony showing that the writ of summons served upon de-

fendant was not attested or a denial that the return was attested, the sheriff must be permitted to amend his return so as to show the service of a true and attested copy of the writ of summons upon defendant, and that the rule to amend must be made absolute.

The true facts are that the statement of claim, properly endorsed, and a proper writ of summons were served upon defendant on July 16, 1946, and that defendant did nothing about it. Under these circumstances is defendant entitled to have the judgment stricken off because of a highly technical defect in the sheriff's return? In Liberal Credit Clothing Company v. Tropp, 135 Pa. Superior Ct. 53, 60 (1938), the Superior Court said:

"If he had any defense to the action and there was any reasonable ground for his failure to appear and present such defense, he should have asked the court to open the judgment and allow him to present his defense. But purely technical grounds of attack should not be encouraged."

In Rogers v. Metropolitan Life Insurance Company, 99 Pa. Superior Ct. 505 (1930) the court considered a rule to strike off a default judgment because of defective service of the summons, and a petition by the sheriff to amend his return. It was held that the original return failed to set forth any facts showing a valid service but that the sheriff should be allowed to amend his return, and that in doing so he acts upon his own responsibility. The court further held, however, that under the circumstances of that case the effect of the amendment to the sheriff's return should not be held to date back so as to validate the judgment. The court held that where the return was as defective and insufficient as it was in that case defendant was not required to enter an appearance and defend, but could attack the validity of any judgment by default founded upon the defective service. We think the Rogers case

is distinguished from the present case in that the sheriff's return in that case failed to show any facts constituting a valid service while in the present case the sheriff's return showed a valid service except for the use of the word "correct" instead of the word "attested". In the Rogers case there was nothing of record to show that defendant had any knowledge of the pendency of the action against it, while in the present case the sheriff's return shows that defendant did have actual knowledge of the action but failed to heed the summons. The objection in the present case is purely technical while the objection in the Rogers case was substantial.

In Maloney v. Simpson, 226 Pa. 479 (1910), defendant refused to accept title to real estate because of invalidity of the sheriff's sale under which plaintiff derived title. The original return of the sheriff to a writ of scire facias sur municipal lien did not show that he had complied with the requirements of the statute, but subsequently, after the sale of the property, the sheriff was permitted to amend his return. It was held that if the sheriff had failed to comply with the requirements of the statute as to service the judgment would have been void and a sale upon it would not vest good title in the purchaser. The court further held, however, that the court had power to allow the amendment of the return after the judgment had been entered and a sale made. The court cited Peck v. Whitaker, 103 Pa. 297, in which it was held that an amendment to a sheriff's return of his sale of real estate was properly allowed although the term of the sheriff had expired and nine years had elapsed since the sale. In Clinger v. Patterson et al., 140 Pa. Superior Ct. 443 (1940), it was held that on certiorari to an alderman, the court could return the record to the alderman to permit an amendment of the constable's return, and could then consider the record as amended.

In Liberal Credit Clothing Company v. Tropp, 135 Pa. Superior Ct. 53 (1938), it was held that a clerical mistake in a return of service may be corrected by amendment to conform with the facts.

We conclude that the amendment to the sheriff's return showing the service of an attested copy of the writ dates back to the original return and validates the judgment entered by default against defendant. This will not preclude defendant from making an application to open the judgment if she can show a good defense to the action and can excuse her failure to answer the summons and to file an affidavit of defense.

The final question raised by defendant is that the judgment was prematurely entered in that it was entered before the fourth day after the return day. There is no merit in this contention. Under the Practice Act of May 14, 1915, P. L. 483, §12, 12 PS §411, an affidavit of defense was required to be filed within 15 days from the day when the statement of claim was served upon defendant. This resulted in an affidavit of defense being required before the return day of the writ of summons, and it was held that judgment for want of an affidavit of defense could be entered before the return day of the summons: Beishline v. Kahn et al., 265 Pa. 101; Roads v. Dietz et al., 80 Pa. Superior Ct. 507 (1923). To correct this situation section 12 of the Practice Act was amended so as to provide that no affidavit of defense shall be required to be filed in any case before the return day of the writ of summons. The act is silent as to any days of grace, and since the act provides that no affidavit of defense should be required *before* the return day of the summons it follows that if the statement of claim was filed more than 15 days before the return day defendant would be required to file his affidavit of defense on the return day. A failure to file on that day would put defendant in default and would entitle plaintiff to enter judgment by default.

And now, June 18, 1947, defendant's motion to strike off the judgment by default is discharged; the rule of the prothonotary and the rule of the sheriff to amend the records are made absolute.