## Harrington v. Romano

*Gilbert J. Kraus*, for plaintiff.
*Curtin & Heefner*, for defendant.

SATTERTHWAITE, J., June 5, 1959.—Service of the complaint in the within equity case was returned by the sheriff as having been made upon defendant by handing a copy thereof to the person in charge for the time being of defendant's place of business within this county. Defendant has filed preliminary objections which, inter alia, attack the validity of such service and question the jurisdiction of this court, alleging that defendant's residence and place of business are in Montgomery County and that the place referred to in the sheriff's return was not defendant's office or

usual place of business. This preliminary objection, as we understand it, is in the nature of a petition raising a question of jurisdiction as authorized by Pa. R. C. P. 1017(*b*) (1). Pursuant to the notice to plead endorsed thereon, plaintiff filed an answer placing the factual averments thereof in issue. The problem now before the court is solely the tactical matter of the proper mode of procedure to resolve the factual questions so raised.

Defendant having failed or refused to take depositions in support of his averments, plaintiff took a rule on him to proceed under the purported authority of Pa. R. C. P. 209. Defendant asks that such rule be discharged for the reason that Pa. R. C. P. 209 is applicable only to petitions for original relief and, hence, is not available in the instant situation.

The relevant Rules of Civil Procedure provide, in pertinent part, as follows:

"Rule 209. Duty of Petitioner to Proceed after Answer Filed.

"If, after the filing and service of the answer, the moving party does not within fifteen days:

"(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

"(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule) ; the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the

answer shall be deemed admitted for the purpose of the rule."

"Rule 1028. Preliminary Objections . . .

"(c) . . . The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall take evidence by depositions or otherwise. . . ."

The modus operandi for resolving disputed issues of fact properly raised by preliminary objections under Pa. R. C. P. 1017(*b*) (1) and (5) is not spelled out in Pa. R. C. P. 1028(*c*) ; the latter merely directs that evidence shall be taken by "depositions or otherwise." Where the moving party who filed the preliminary objections made special application therefor, depositions on the factual issues so presented were ordered by the court in Brinton v. Thorp, 105 Pitts. L. J. 95. Where the factual matters raised by the preliminary objections were of substance and not procedural alone, since closely related to and practically dependent upon the determination of the ultimate merits of the case, decision thereon was deferred for disposition at the trial in Shea v. Cummings, 81 D. & C. 556. Conceivably, as still another alternative, the court could itself hold a separate hearing on the matter.

In the instant case, however, it is obvious that the venue problem cannot await trial and has no connection with the merits of the litigation. It is equally obvious that defendant is not inclined voluntarily to take any affirmative action, whether by application to the court or otherwise. Moreover, it has consistently been the policy of this court, particularly in view of the congested state of our calendar, not to conduct hearings on factual questions arising on petitions and rules, but rather to have such matters submitted on depositions. See our Rule 82.

Under the circumstances, therefore, plaintiff is stalemated for all practical purposes on the present record in the prosecution of his action unless he can in some way compel defendant to go forward with due proof of the factual basis upon which the preliminary objections be founded. While plaintiff might have brought the venue problem before the court by filing preliminary objections in the nature of a demurrer to the factual averments of defendant's preliminary objections on the ground that the latter violated the historic rule of sanctity of the sheriff's return of service (see Liberal Credit Clothing Company v. Tropp, 135 Pa. Superior Ct. 53, 58; Kane v. Travis, 172 Pa. Superior Ct. 220, 222), nevertheless, he does not presently rely upon that principle, and the question is not now before us. He chose, rather, to meet the issue on a factual basis, and we know of no authority which would preclude that procedure. Having done so, however, he cannot now safely order the case down for argument on the preliminary objections and his answer thereto without running the serious risk of having his opponent's version of the facts taken as admitted. See Ziegler v. Ellwood City Forge Co., 64 D. & C. 587, 588-89. Compare Weder v. Stombaugh, 9 Bucks Co. L. Rep. 46, and authorities therein cited.

We see no reason why the logical, orderly and remedial scheme of Pa. R. C. P. 209 should not be ordered by the court in implementing Pa. R. C. P. 1028(*c*) in appropriate cases such as the present. It is unnecessary for us to determine whether or not we should be bound by the dictum in Nickel v. McNaight (No. 1), 62 D. & C. 512, 513, that Pa. R. C. P. 209 applies only to petitions for original relief. Conceding, without deciding, that without an order of court the parties might not be *compelled* to resort to that rule under the literal language thereof, and that in unusual circumstances such as presented in Shea v. Cummings, supra,

we might order the factual issues arising on preliminary objections to be decided contemporaneously with the merits at trial, nevertheless, we believe that the *analogy* of Pa. R. C. P. 209 offers a practical mode of executing Pa. R. C. P. 1028(*c*) in the more usual case such as the instant proceedings. Compare the result in Killian v. Killian, 44 D. & C. 129, where the procedure under Pa. R. C. P. 209 was held applicable to a *motion* and answer notwithstanding that in terms the rule relates solely to matters arising on *petition* and answer.

We hold, therefore, pursuant to Pa. R. C. P. 1028(*c*) that plaintiff's rule to proceed should be made absolute with the effect and consequences contemplated by Pa. R. C. P. 209, just as though defendant's preliminary objections, insofar as they raise factual matters, were a petition within the meaning of that rule.

### Order

And now, June 5, 1959, for the reasons and purpose set forth in the foregoing opinion, plaintiff's rule on defendant to proceed, issued March 10, 1959, is hereby made absolute.