# Chester Credit Bureau, Inc., v. Lowe

54

58

<p></p></p>60

*Louis A. Bloom,* for plaintiff.
*Mervyn Russell Turk,* for defendant.

## Opinion Sur Exceptions

Defendant has filed exceptions to the chancellor's decree nisi filed in the above case. The exceptions have been argued before the court en banc and written briefs have been submitted by both parties.

The first exception is as follows:

1. Paragraph 1 of the decree nisi is excepted to because it is indeterminate and does not decide the basic questions upon which the action was brought with respect to the commissions.

Defendant argues that the commissions which he is entitled to deduct remain in dispute and that the chancellor failed to decide what the exact amount of these commissions is. This exception is without foundation for the reason that the chancellor clearly ruled that defendant is entitled to commisssions only on the amounts actually collected and only at the rates specified in the written contract between the parties.

Exception number 1 to the decree nisi is hereby dismissed.

The second exception is as follows:

2. Defendant specifically excepts to paragraph 2 of the decree nisi inasmuch as compliance with the decree involves litigation by defendant with a third party who is not a party to this action, and it might require a long period of time, whereas the decree orders it be done "forthwith."

Defendant complains that, as the chancellor has directed him to forthwith obtain from the justice of the peace certain money collected by said justice as agent of defendant, to comply may result in litigation with his agent and, therefore, he could not comply with the chancellor's direction to obtain said money "forthwith."

We are of the opinion that the complaint of defendant is without merit as said defendant is not in danger of being adjudged in contempt for failure to obey such an order which might be impossible to comply with "forthwith." This part of the case is under the control of the court to act justly. See Liberal Credit Clothing Company v. Tropp, 135 Pa. Superior Ct. 53.

Exception number 2, to the decree nisi is hereby dismissed.

The third exception is a follows:

3. Defendant specifically excepts to paragraph 3 of the decree nisi since the fund referred to was not a product of collections solely on behalf of plaintiff.

This exception must be dismissed for the reason that the record shows that all of the fund referred to was money resulting from delinquent accounts turned over by plaintiff to defendant for collection and said fund is now held in escrow by counsel for plaintiff and for defendant in a joint escrow account subject to deductions to cover any commissions due thereon.

The third exception to the decree nisi is hereby dismissed.

The fourth exception is as follows:

4. Defendant specifically excepts to paragraph 4 of the decree nisi since it is not supported by the evidence and is contrary to law.

We must dismiss the fourth exception as the arrangement between the parties was based on a written agreement which provided that defendant was to receive compensation in the nature of graduated commissions calculated on the amount of money collected. There was no provision in the said agreement providing for reimbursement of costs to defendant, nor was there any provision that plaintiff was required to advance any costs in the event defendant instituted a suit at law to implement collection of an account.

The fourth exception to the decree nisi is hereby dismissed.

The case was fully discussed by the chancellor and we do not feel that additional comment is necessary. We adopt the chancellor's findings of fact and conclusions of law as our own and enter the following

### Decree

And now, March 17, 1960, it is ordered and decreed that:

1. Defendant, Albert Lowe, is hereby directed to pay over immediately to plaintiff, Chester Credit Bureau, Inc., the sum of $5,588.65, less the commissions to which he is entitled up until December 31, 1958.

2. Defendant, Albert Lowe, is hereby directed to forthwith obtain from the justice of the peace to whom he entrusted the accounts for collection the sum of $1,713.55 and other moneys and to pay over immediately to plaintiff, Chester Credit Bureau, Inc., said sum of $1,713.55, less the commissions to which he is entitled up until December 31, 1958.

3. The attorneys for plaintiff and defendant are hereby directed to pay over forthwith to plaintiff, Chester Credit Bureau, Inc., the sum of $770.36, which they now hold in an escrow account, less the commissions to which defendant, Albert Lowe, is entitled up until December 31, 1958.

4. The claim of defendant, Albert Lowe, to the sum of $2,205.11, as reimbursement for magistrate's court costs expended by said defendant, is hereby dismissed.

5. Defendant, Albert Lowe, is hereby directed to forthwith turn over and deliver to plaintiff all accounts, records and papers pertaining to the accounts entrusted to said defendant for collection by plaintiff, excepting therefrom those accounts which he has been given written authority by the respective creditors to retain.

6. Defendant shall pay the costs.